JOHNSON et al. v. SMITH et al.
(No. 2433.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 7, 1921. Rehearing Denied Nov. 17, 1921.)

1. Homestead ⊕⇒55—Rights attach before payment of purchase price.

Property became homestead of man and wife residing thereon as soon as conveyed to them, subject only to the superior legal title held by the vendor, although no part of the purchase price was paid, under Const. art. 16, § 50, making invalid any trust deed or other lien upon the homestead except for the purchase money, etc.

2. Frauds, statute of ⊕⇒63(1)—Homestead not paid for not conveyed by parol agreement that child should have the land if he paid the purchase price.

Where married couple purchased land upon which they resided and gave a note for the entire purchase price, they could not convey the land to a child by a parol agreement that the child should have the land if he paid the purchase price.

3. Subrogation ⊕⇒23(2)—Person paying price entitled to subrogation to lien of vendor.

Where child of vendees of property occupied as a homestead paid off the purchase price under an oral agreement with his parents that he should have the land, he could claim no more than subrogation to the vendor's lien which he discharged, and in order to show such conventional subrogation he must show that there was an agreement with his parents, either expressed or implied, that the lien should be retained as security for the money paid to the vendor.

4. Subrogation ⊕⇒23(6)—When one paying purchase-money notes may claim subrogation to lien.

Where husband and wife made oral agreement with child to convey land constituting homestead in consideration of child's assumption and payment of the purchase-money notes, or made an unenforceable parol sale based upon that consideration, the child may claim subrogation to the lien which he discharges.

5. Subrogation ⊕⇒33(2)—One subrogated can claim no more than predecessor.

Where married couple purchased land and gave note for entire purchase price and used the property as a homestead, but became discouraged and orally told child that he could have the land if he paid the indebtedness, on payment of such indebtedness the child could claim no more than the vendor could assert if he were seeking satisfaction for the purchase money, and if an action by the vendor would be barred by limitations so would

an action by the child wherein he sought to be subrogated to the rights of the vendor.

6. Frauds, statute of ⊕⇒144—Parol contract of married woman to convey not enforceable on grounds of estoppel in absence of fraud.

The enforcement of any parol sale of land is justified only upon the ground of estoppel, not because the title has legally passed, and in order to create an estoppel the transaction must be attended by conditions which make it inequitable for the grantor to reclaim the property, and in a case of a married woman disposing of her homestead rights the ground of estoppel must be sufficient to show fraud upon her part.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by John Johnson and others against Rachel Smith and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Jones, Sexton & Jones, of Marshall, for appellants.

M. P. McGee and Wm. F. Young, both of Marshall, for appellees.

HODGES, J. The parties to this suit are the children of Elymas and Savannah Johnson, both of whom are dead. The subject-matter of the litigation is 200 acres of land situated in Harrison county, formerly owned by Johnson and his wife and occupied by them as their homestead. The land in controversy was conveyed to Elymas Johnson by Sherrod in 1900, the consideration being $1,000 payable in four equal installments upon different dates thereafter. Nothing was paid in cash. At the time of this purchase Elymas Johnson and wife had six children: John Johnson, Edward Johnson, and Calvin Johnson, who are the appellants; and three others, who are the appellees, and will be referred to as such. At the time the land was purchased John Johnson was of age, and was living with his father and mother. The other two appellants were minors; one of them attained his majority four years after the purchase, and the other 10 years after. Elymas Johnson died in 1906; his wife died in 1918. Previous to the purchase Elymas Johnson and his family had occupied this land and had paid rent therefor as tenants of Sherrod. At the time of the purchase and for some years thereafter Elymas Johnson furnished stock and farm implements, which appellants used in cultivating the land. After his purchase he and his wife, it appears, became discouraged and doubtful of their ability to meet the payments for which Johnson had executed his note. Elymas was a cripple and unable to do manual labor. The appellants claim that soon after the contract of purchase, and before any part of the consideration was paid, their father and mother agreed that appellants might have the land if

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

they would pay the purchase price. It is alleged that they agreed to do this, and did thereafter make all of the payments promised by their father. They also claim that after the parol agreement between them and their father they made valuable improvements upon the premises.

This suit was brought by appellants after the death of their mother, to remove cloud from title. They pray, in the alternative, if not entitled to that relief that they be subrogated to the vendor's lien formerly held by Sherrod and that the property be sold in satisfaction thereof. Among other defenses the appellees defendants below pleaded the statute of limitations against both the improvements claimed and the vendor's lien asserted.

The court submitted the controversy upon special issues and the jury returned in substance the following answers: (1) John Johnson and Edward Johnson made improvements upon the land valued in the aggregate at $1,250, more than half of which were made after their mother's death. (2) Appellants, John Johnson, Edward Johnson, and Calvin Johnson, paid off the purchase-money notes in full. (3) The reasonable cash rental value of the land was $100 per year. (4) The money paid upon the notes of Elymas Johnson was derived from the rents, revenues, and income from the land. Upon these answers the court entered a judgment denying the appellants the relief which they sought, and, at the instance of the appellees, ordered a partition of the land, allowing each child a one-sixth interest.

The evidence offered by the appellants tends to show that some time during the year 1900, after the purchase of the property and while they and their father and mother were residing upon the premises, Elymas Johnson and wife agreed that if appellants would pay the purchase money thereafter to become due they might have the land as their own. Elymas Johnson and his wife continued to reside upon the premises as long as they lived. Appellants worked most of the land, and used the stock and implements owned by their father. They paid the purchase-money notes from the proceeds of the crops grown by them upon the premises. They made certain improvements in the way of building houses and repairing fences as found by the jury.

[1, 2] The first assignment of error complains of the refusal of the court to give an instruction which, in substance, directed a verdict for the appellants if the jury believed from the evidence that Elymas Johnson and wife decided to surrender the land in satisfaction of their indebtedness, and induced or permitted the appellants to take over their contract of purchase with the consent of Sherrod. This instruction is based upon the proposition that no homestead rights in favor of Elymas and wife could attach to the land

till the purchase money had been paid, and therefore the transaction was subject to the rules which sustain parol conveyances of real estate. The proposition is unsound. The property became the homestead of Elymas and wife as soon as the conveyance by Sherrod was delivered to them, subject only to the superior legal title held by Sherrod as the vendor. As to all other parties and contracts thereafter arising, except those claiming under Sherrod, the homestead rights were as inviolable as if the entire purchase price had been paid. Wheatley v. Griffin, 60 Tex. 209; Swearingen v. Bassett, 65 Tex. 273. Section 50 of article 16 of the Constitution, which makes invalid "any trust deed" or "other lien" upon the homestead, except for the purchase money, etc., manifestly contemplates that a homestead right may be acquired in land while still incumbered for the purchase money. The fact that a lien is retained for all of the purchase money, instead of a part only, does not alter the legal status of the purchaser or defeat his homestead rights.

[3-5] Assuming that the parol agreement, relied on by the appellants, that they were to pay the purchase money, was established by satisfactory evidence, they could only claim subrogation to the lien which they discharged. In order to occupy that attitude it devolved upon them to show that there was an agreement with Elymas, either express or implied, that the lien should be retained as security for the money paid to Sherrod. Belcher Land & Mort. Co. v. Taylor, 212 S. W. 647. Or if Elymas and his wife made an agreement with the appellants to convey the land to the latter in consideration of appellants' assumption and payment of the purchase-money notes, or made an unenforceable parol sale based upon that consideration, appellants might claim subrogation to the lien which they discharged. Faville et al. v. Robinson et al., 227 S. W. 938. But as successors to the rights held by Sherrod the appellants can claim no more than Sherrod could assert if he were here seeking satisfaction for the purchase-money debt. The record shows that the last note was due some time in 1904, about 16 years before the institution of this suit. That was more than sufficient to perfect the bar of limitation pleaded by the appellees.

[6] The next question is, Was the evidence sufficient to establish a valid parol sale of the land to the appellants? Conceding that it might be, if the land were not at the time the homestead of Elymas and his wife, clearly the rule which sustains ordinary parol conveyances of real estate has no application. The homestead can be disposed of only in the manner provided for in the Constitution. The enforcement of any parol sale of land is justified only upon the ground of estoppel—not because the title has legally

passed. In order to create an estoppel the transaction must be attended by conditions which make it inequitable for the grantor to reclaim the property. In the case of a married woman disposing of her homestead rights, the grounds of estoppel must be sufficient to show fraud upon her part. Durham v. Luce, 140 S. W. 855; Morris v. Wells, 27 Tex. Civ. App. 363, 66 S. W. 248; Speers Law of Marital Rights, § 240, and cases cited in notes. The evidence not only fails to show that Savannah Johnson was guilty of any conduct which might be considered fraudulent or deceptive, but it is doubtful if the proof was sufficient to create any kind of an estoppel. It is undisputed that the appellants had occupied the land for about 20 years, and the payments made on the purchase-money notes were from the proceeds of the crops grown by them on the farm. Four years of that time two of the appellants were minors and their earnings belonged to their parents, unless they had been emancipated, and there is no evidence that they had been. The rental value of the land was placed by the jury at $100 per annum. It is also undisputed that John Johnson, the oldest of the appellants, and who appears to have attended to all the business, collected in two years $400 for mineral rights sold to third parties. During the lifetime of Elymas the property was assessed for taxes in his name, and after his death it was assessed as belonging to his estate.

Considering the case upon its merits, and without reference to any particular assignment of error, no other judgment should have been rendered. A tenant who has made improvements upon the common property usually has the right to have those improvements set apart to him in the partition proceedings. That was not asked for in this suit, and no complaint has been made of the failure of the court to make that provision in the judgment appealed from.

The judgment will be affirmed.