**DAVIS et al. v. COX.** (No. 310-3637.)*

(Commission of Appeals of Texas, Section A. April 19, 1922.)

1. **Vendor and purchaser** ⚖️86—Facts held not to sustain finding executory sale had not been rescinded.

Practically undisputed evidence that the purchaser of a portion of a homestead at an executory sale became alarmed about the title before he had paid anything on the price and agreed that the vendor should have the land back, and that the vendor accepted the purchaser as a tenant and received rent from him, prevents a presumption in aid of judgment that the court found there was no rescission of the executory sale, for an executory sale reserving title in the vendor can be rescinded and the title again vested in the vendor without a formal reconveyance, and such rescission and revesting of title can be shown by the acts of the parties in connection with the other circumstances in evidence.

2. **Adverse possession** ⚖️103—Possession of portion of tract occupied by owner extends only to land actually occupied.

Where the owner of a homestead was in actual possession of a portion of it at the time another went into possession under color of title conveying a part of the homestead to him, the adverse possession of the latter extends only to the land actually occupied by him, since the owner's title extends his possession to all of the land not actually occupied by another.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by Caroline Davis and others against C. J. Cox. Judgment for defendant was affirmed by the Court of Civil Appeals (229 S. W. 987), and plaintiffs bring error. Reversed and remanded for another trial.

O. S. York, of Galveston, and S. H. German, of Livingston, for plaintiffs in error.

Campbell & Murphy, of Livingston, for defendant in error.

GALLAGHER, J. This suit was originally filed by Caroline Davis, widow of Emanuel Davis, deceased, and his heirs. Caroline Davis died before the last trial of the case, and Maria Davis and others, plaintiffs in error, prosecute this suit as the heirs of Emanuel and Caroline Davis. The action is in the form of trespass to try title to recover of C. J. Cox, defendant in error, title to and possession of 80 acres of land alleged to have constituted a part of the homestead of said Emanuel and Caroline Davis.

In 1897 Emanuel Davis was indebted to W. E. Fitze in the sum of $246.85. Fitze claimed that Emanuel Davis violated the law in securing credit for said sum, and threatened to have him sent to the penitentiary. Emanuel and Caroline were old and ignorant negroes. They owned and were living upon a tract of land of 125 acres, more or less. Allen Bailey was a negro school teacher and a friend of the Davises. At his suggestion Emanuel and Caroine Davis executed and delivered to him a deed to 80 acres of land off of one end of their said homestead. He paid nothing on the land, but executed his two vendor's lien notes, each for the sum of $200, with interest and attorney's fees. Emanuel Davis executed his note for his debt in the sum of $246.85, and delivered the same to Fitze, and at the same time delivered to him as security therefor the said two vendor's lien notes executed to him by Bailey. The deed of Davis and wife to Bailey retained a specific vendor's lien to secure said notes, and was filed and recorded by Fitze.

The 80 acres deeded to Allen Bailey was not surveyed at the time. There was a house on the tract, and some of Davis' children were living in it, and continued to do so until after Cox purchased the property. Emanuel Davis cultivated a part of the 80-acre tract until after such purchase by Cox. Bailey cultivated some of the land for the first two years. In the summer or fall of the second year he raised some question about his title and consulted a lawyer, and he says the lawyer told him that if his deed was a mortgage he could not hold the land. He then declined to pay for the land and agreed that Emanuel Davis should have the land back, as he wanted to get out of the trans-

---

action. He cultivated a part of the land for the third year, but paid rent on it to enable Emanuel to pay his debt to Fitze, and Emanuel did afterwards pay on said debt. He agreed to deed the land back, but never did so. At the end of the third year he abandoned the land. He never paid anything whatever on his vendor's lien notes. He never rendered the land for taxes, but Emanuel did render his entire homestead tract, including this land, and paid the taxes thereon for the years 1898, 1899, and 1900.

Emanuel Davis paid a large part of his note to Fitze, but did not pay it all, and on the 4th of September, 1900, Fitze filed suit thereon against Emanuel Davis and Allen Bailey setting up said collateral vendor's lien notes held by him and praying for judgment for the balance due on the note of Davis to him, with interest, and for 10 per cent. attorney's fees thereon, as provided in the collateral notes, and foreclosure of lien on the land conveyed to Bailey by Davis and wife. A purported judgment in said suit was offered in evidence and excluded.

On March 7, 1901, Fitze executed a deed to Cox conveying said 80 acres of land, which deed was promptly recorded. Cox afterwards, in the presence of Emanuel Davis, had the tract surveyed. The survey cut off a part of the field being cultivated at the time by Emanuel Davis. Emanuel Davis died in 1902. Cox never fenced the land. Kibbe, his tenant, moved on the land about 1906, and lived on the same continuously for more than five years, during which time Cox paid the taxes thereon annually, as they accrued. Kibbe worked a garden on the place, which he gradually increased until it covered about four acres. No other or further possession during said period is shown. There was a fence built by the widow and heirs of Emanuel Davis shortly after his death, somewhere near the line between the remainder of the tract and the 80 acres surveyed off of the same by Cox. After the building of such fence, no actual possession by Caroline Davis, or her heirs, of any part of the 80-acre tract was shown, but they continued in actual possession of the remainder of said homestead tract, or a part thereof.

The case was submitted to a jury on special issues, in response to which they returned a verdict finding that the deed from Emanuel Davis and wife to Allen Bailey was not intended as a mortgage and that Cox had had peaceable and adverse possession of the land sued for, cultivating, using, or enjoying the same under a deed duly registered, and paying taxes thereon for the full period of five years prior to the institution of this suit. Judgment was entered on said verdict in favor of Cox. The heirs of Emanuel and Caroline Davis appealed, and the Court of Civil Appeals affirmed the judgment. 229 S. W. 987. They then applied for a writ of

error which was granted by the Supreme Court.

Plaintiffs in error contend that the evidence shows that the deed from Emanuel Davis and wife to Bailey was in fact intended as a mortgage; but, if it was intended as a sale, that such sale was executory and was rescinded by agreement and the land surrendered to and accepted by Emanuel Davis and title revested in pursuance of such rescission; that, the owner being in possession of part of the original tract, the possession of defendant in error was not adverse except as to the small undefined tract in the actual possession of his tenant during the period of limitation, and that they are entitled to recover all the lands sued for except such as was in the actual continuous possession of the tenant of defendant in error for five consecutive years prior to the institution of this suit.

[1] The issue of rescission was not submitted to the jury. The evidence above quoted shows, we think, with reasonable certainty, that Allen Bailey became alarmed about his title, and, not having paid anything on the land, desired to get out of the transaction. He never lived on the place and had cultivated only a part of the land. He agreed that Emanuel Davis should have the land back, and Davis assented thereto by accepting him as a tenant for the succeeding year and receiving rent from him. Davis still owned the purchase-money notes, notwithstanding they were pledged as collateral. It appears that Davis was to pay the remainder of the debt, which would have released the collateral, and Bailey says he rented a part of the land for the next year and paid rent thereon to enable him to do so. Bailey has never paid anything on the notes, and, though a party defendant in this suit, is asserting no claim to the land.

The sale being executory, it could be rescinded and the title again vested in Davis and wife without a formal reconveyance, and such rescission and revesting of title in the grantors could be shown by the acts of the parties in connection with other circumstances in evidence. Evans v. Ashe, 50 Tex. Civ. App. 54, 108 S. W. 398, 1190 (writ refused); Thompson v. Robinson, 93 Tex. 165, 171, 54 S. W. 243, 77 Am. St. Rep. 843; Staley v. Stone, 41 Tex. Civ. App. 299, 92 S. W. 1017, 1019, 1020 (writ refused). In view of these facts, all of which are practically undisputed, we cannot presume, in support of the judgment rendered, that the court found that there was no rescission, because such finding would have been without support in the evidence.

[2] The facts showing that the executory sale to Bailey had been rescinded, Emanuel Davis and wife were the owners of their original homestead tract at the time defendant in error procured his deed to the land

sued for herein. They had actual possession of a part of the same at that time, and such possession included a part of the land sued for. They, or their heirs, have remained in actual possession of some part of the original homestead tract continuously since. Such possession gave them constructive possession of all the original tract except such part of the same as was in actual possession of defendant in error by his tenant. Defendant in error wholly failed to connect himself with the common source of title. While he, by his tenant, had been in actual possession of a part of the land sued for, for more than five years at the institution of this suit, he acquired thereby no right against the owners beyond the limits of such actual possession. His claim to title by limitation can extend only to such land as was five years before the institution of this suit, and continuously thereafter until the institution of the same, in the actual possession of his tenant. Evitts v. Roth, 61 Tex. 81, 84, 85; Parker v. Baines, 65 Tex. 605, 608; Peden v. Crenshaw, 98 Tex. 365, 370, 371, 84 S. W. 362.

We quote from Evitts v. Roth, supra, as follows:

"While there may be a mixed possession of land, there can be no such a thing as a concurrence of seizin. For, as said in Whitehead v. Foley, 28 Tex. 289, the legal title draws to the owner the seizin and possession, and he retains them until disseized by an actual possession taken and held by another.

"In Hunnicutt v. Peyton, 102 U. S. 333, it was held that where a party enters upon unoccupied land, under color of title, and holds the same adversely, his holding will extend to the land included within the boundaries defined by his deed, and to that extent the real owner is disseized. But if the real owner is on any part of the land, his constructive seizin extends to all the land not in fact occupied by the other.

"The principle that to the rightful owner belongs the constructive possession, and all others as against him are confined to their actual possession, is well established by many adjudicated cases. Among them are the following: Codman v. Winslow, 10 Mass. 146; Stevenson v. Hollister, 18 Vt. 294; Whittington v. Wright, 9 Ga. 23; Hodges v. Eddy, 38 Vt. 345.

"As was held in Robinson v. Lake, 14 Iowa, 424, to disseize the true owner, who is in possession or occupancy of any portion of the tract, of any part of his land, the occupation must be actual, visible, notorious, distinct and hostile."

The finding of the jury on the issue of limitation being, except as to the land in actual possession of the tenant of defendant in error, without support in the evidence, the judgment should be reversed.

We recommend, therefore, that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the district court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.