# FEBRUARY, 1926

JOHN JOHNSON ET AL. V. RACHEL SMITH ET AL.

No. 3728.   Decided February 3, 1926.

(280 S. W., 158).

1.—Trust—Conveyance—Vendor's Lien Reserved—Equity—Case Stated.

A father, having purchased land for deferred payments secured by an express lien reserved in the deed, agreed orally with a son that the latter should have the title in consideration of payment of the lien.  The son paid off the lien from revenues of the land, of which he received possession, the parents continuing to reside thereon with him till their death.  In an action for interest in the land between this son and other children who were joint heirs with him of the parents it is held:

(1)   The vendor retained the title to the land until the vendor's lien was paid.

(2)   The contract with the son who made payment thereof created an express trust, not within the operation of the Statute of Frauds, by which on such payment title passed to the son as beneficiary by the original vendor's deed.

(3). It was error to refuse instructions submitting the issue of the son's acquisition of title by virtue of such trust agreement and payment.

(4). The trust agreement preceded the acquisition of title by the parent, though it passed to him in trust by the original deed of the vendor on discharge of the lien by the son who had assumed its payment. The father was not, by the trust agreement conveying by parol a title already vested in him.

(5). Homestead rights of the parents in the land were acquired subject to the trust under which they obtained title. (Pp. 195-200.)

2.—Cases Discussed.

Williams v. County of San Saba, 59 Texas, 445, and Allen v. Allen, 101 Texas, 365, distinguished from Barnett v. Vincent, 69 Texas, 686, which is followed. (Pp. 198, 199.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.

John Johnson and others sued Rachel Smith and others, and appealed from the judgment therein. On its affirmance (234 S. W., 939) they obtained writ of error. The Supreme Court declined to render the judgment recommended by the Commission of Appeals, to which the case had been referred, and proceeded to reverse and remand in accordance with the opinion here published.

*Jones, Sexton & Jones,* for plaintiffs in error.

(1). 'No homestead right can be vested in property until the purchase price is paid, and prior to this time, the husband without the consent and joinder of the wife may renounce, relinquish or transfer the property in good faith in satisfaction of the purchase price. (2). There may be an oral transfer of land when accompanied by possession, use and occupancy. (3). There is always an existing lien in favor of the party who pays the purchase money of a homestead or any other character of real estate, and their right to have the lien foreclosed exists so long as the debt is unpaid. (4). Whenever one pays the debt of another he becomes subrogated to all the rights of the original creditor. (5). One may give to another his right to purchase property, and if the one to whom the right is given pays for the same, the property is his. White v. Sheppard, 16 Texas, 172; Clements v. Lacy, 51 Texas, 161; Coler v. Alexander, 60 Texas Civ. Ap., 573, 128 S. W., 664; DeBruhl v. Maas, 54 Texas, 464; Gillum v. Collier, 53 Texas, 599; Investors Etc. Co. v. Lloyd, 33 S. W., 750; Dickson v. Allen, 4 S. W., 661; Jones v. Male, 62 S. W., 827; Peregoy v. Kottwitz, 54 Texas, 499; Roy v. Clark, 12 S. W., 845; Archenhold v. Evans, 11 Texas Civ. App., 148, 32 S. W.,

795; Jackson v. Bradshaw, 24 Texas Civ. App., 30, 57 S. W., 878; Dillon v. Kauffman, 58 Texas, 707; McCarty v. Brackenridge, 20 S. W., 997; Hicks v. Morris, 57 Texas 658. Parole Transfer of Land When Accompanied by Possession and Improvements. Shepard v. Galveston H. & H. Ry. Co., 22 S. W., 267; Samuelson v. Bridges, 25 S. W., 636; Wallis v. Turner, 95 S. W., 62; Sockewell v. Sockewell, 166 S. W., 1188; Baker's Exrs. v. De Freese, 21 S. W., 963; Clark v. Gurley, 106 S. W., 394; Schauer v. Von Schauer, 138 S. W., 145.

*Carey M. Abney, M. P. McGee,* and *Wm. F. Young,* for defendants in error.

The homestead right vests immediately upon possession, use and occupancy by the head of a family as a homestead, in and to lands purchased on credit; and such homestead cannot be conveyed except by a written conveyance duly signed and acknowledged by the wife, if there be a wife, in the manner prescribed by the statute. Williams v. County of San Saba, 59 Texas, 442; Allen v. Allen, 101 Texas, 365, 107 S. W., 528; Fayville v. Robinson, 111 Texas, 48, 227 S. W., 938; Morris v. Wells, 27 Texas Civ. App., 363, 66 S. W., 248; Durham v. Luce, 140 S. W., 855; Gibbons v. Hall, 59 S. W., 815; Erp v. Meacham, 61 Texas Civ. App., 71, 130 S. W., 233; Parker v. Coop, 60 Texas, 118.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiffs in error sued defendants in error for the title to, and possession of, two hundred acres of land in Harrison County. Plaintiffs in error also sought a decree annulling the claims of defendants in error as a cloud on their title. In the alternative, plaintiffs in error asked for the establishment and enforcement of a vendor's lien against the land.

Plaintiffs in error plead that all parties claimed the land under their father, Elymas Johnson, deceased; that about November 5, 1900, Elymas Johnson bought the land from its then owner, J. R. Sherrod, and received a deed from Sherrod in consideration of one thousand dollars, secured to be paid by the four promissory notes of Elymas Johnson, bearing ten per cent per annum interest from date; that by the deed a vendor's lien was expressly retained on the land to secure the payment of the notes; that subsequently, about November 1, 1901, Elymas Johnson and wife, being unable to work or to pay anything on the land, requested plaintiffs in error to assume the payment of the notes, agreeing that plaintiffs in error should thereupon become the

owners of the land; that in compliance with such request and agreement plaintiffs in error assumed and paid the notes and constructed permanent and valuable improvements on the land and became the owners of same, and have ever since been in the actual, adverse possession thereof; and that defendants in error have no claim to the land save by inheritance from Elymas Johnson and his wife now deceased.

Defendants in error answered that the land belonged to Elymas Johnson and wife; that on their deaths an undivided one-half interest passed by descent to defendants in error; that plaintiffs in error had enjoyed the use and rents of the land and had become liable to defendants in error for certain rentals; that any cause of action in favor of plaintiffs in error arising from payments of purchase money or from improvements was barred by limitations. Defendants in error prayed for judgment establishing their title to half the land and awarding them rents and ordering partition.

The undisputed evidence showed that all parties claimed the land through Elymas Johnson, who contracted to purchase it on November 8, 1900, from J. R. Sherrod, under deed expressly retaining the vendor's lien to secure the entire purchase price of $1000.00 payable as specified in four notes of Elymas Johnson.

As found by the Court of Civil Appeals, there was evidence to the effect that some time in 1900, after the execution of the deed to Elymas Johnson and while he and his wife were residing on the 200 acres, they agreed that if plaintiffs in error would pay the purchase money secured by the notes the land should become the property of plaintiffs in error; that thereafter plaintiffs in error paid the notes in full from crops raised by them on the land, with implements and stock furnished by Elymas Johnson; and that they made valuable and permanent improvements on the premises; and that Elymas Johnson and wife continued to reside on the land until their respective deaths intestate in 1906 and 1918.

It was undisputed that one-half the estates of Elymas Johnson and wife passed to plaintiffs in error and one-half to defendants in error.

The jury found, in answer to special issues:

1. Plaintiff in error John Johnson made improvements on the 200 acres to the amount of $400.00 before his mother's death, and to the amount of $800.00 after her death.

2. Plaintiff in error Edward Johnson made improvements on the 200 acres to the amount of $150.00 before his mother's death.

3. Plaintiff in error Calvin Johnson made no improvements.

4. Plaintiffs in error John Johnson, Edward Johnson and Calvin Johnson made payment of $1276.82 in discharge of the purchase money notes executed by Elymas Johnson to J. R. Sherrod.

5. The cash rental value of the land from 1901 to 1920 was $100.00 per year.

6. The $1276.82 paid for the land was derived from the rents, revenue or income from the land.

The trial court refused to submit requested special issues as to whether Elymas Johnson and wife agreed for plaintiffs in error to become the owners of the land on their paying for it, or as to whether Elymas Johnson and wife surrendered to plaintiffs in error the right to pay for and acquire the land. The trial court declined to instruct the jury that plaintiffs in error were entitled to recover the 200 acres if the jury found that Elymas Johnson and wife decided to surrender the land in satisfaction of their notes and induced or permitted plaintiffs in error to take over the contract of purchase, with the assent of Sherrod, and that plaintiffs in error thereafter paid off the notes.

On the answers of the jury to the special issues, the trial court rendered judgment awarding one-half the land to plaintiffs in error and one-half to defendants in error and ordering partition. The judgment of the trial court was affirmed by the Texarkana Court of Civil Appeals. 234 S. W., 939.

The Court of Civil Appeals was of the opinion that there was no error in refusing the charge requested by plaintiffs in error, nor in rejecting the above mentioned special issues tendered by them, for the following reasons:

First: That an agreement by Elymas Johnson and wife for plaintiffs in error to pay the purchase price and own the land could have no different effect from a parol sale of a homestead, made under circumstances not estopping the husband and wife from asserting their homestead rights—and that such a sale was forbidden by the Constitution.

Second: That if plaintiffs in error had become entitled to subrogation to the vendor's lien securing the purchase price of the land, their right to enforce the lien was barred by limitation. 234 S. W., 940, 941.

After a writ of error was granted, the case was referred to Section A of the Honorable Commission of Appeals.

The Commission of Appeals entertained the view that the homestead status of the land was immaterial to the proper disposition of the case because Elymas Johnson alone, acting in

good faith, had the right to convey the land in settlement of the purchase money notes, but concluded that plaintiffs in error's evidence showed no more than a parol sale of the land which our statute required to be in writing, citing Allen v. Allen, 101 Texas, 364. The Commission of Appeals further concluded that plaintiffs in error were subrogated to the vendor's lien which secured the notes discharged by them; that their right to enforce the vendor's lien was not barred by limitations; and that plaintiffs in error should be compensated for their improvements in the partition between them and defendants in error.

The controlling question is whether the action of the trial court was correct in refusing to submit in any form the issue whether Elymas Johnson and wife agreed for plaintiffs in error to pay for and acquire the land.

It is certain that an enforceable express trust may be created by one person agreeing to thereafter acquire title to land in his name for the benefit of others who agree to pay and do pay the consideration for the conveyance. Where the title is acquired by means of a deed expressly reserving the vendor's lien to secure payment of the land's purchase price, defendants in error say the agreement must precede execution of the deed. They argue that otherwise the party to whom the deed is made is allowed to divest himself of title without executing an instrument in writing such as is required by the statute of frauds and such as is required to pass title to a homestead. Much reliance is placed on Williams v. County of San Saba, 59 Texas, 445, and Allen v. Allen, 101 Texas, 365.

The Court calls attention in Williams v. County of San Saba, supra, to the fact that the case was not one where real estate had been acquired with the money of one person with a deed taken in the name of another, but was one where the agreement and payment relied on to establish the trust in the real estate transpired after the party sought to be held as trustee had become vested with both the legal and equitable title. 59 Texas, 445. Allen v. Allen, supra, presented a state of facts which disclosed that the person sought to be charged as trustee had, before he made the agreement through which the trust was claimed to arise, become fully invested with title "by a deed without reservation." 101 Texas, 365. The substance of both Williams v. County of San Saba and Allen v. Allen is that when a person once becomes invested with full title to land, legal and equitable, he can convey it only by some writing. But, the opinion of Justice Williams in Allen v. Allen recognizes that

since James v. Fulcrod, 5 Texas, 512, it has always been held by this Court that express parol trusts can be enforced when they arise under agreements "existing when the titles vested under the written conveyances and subjecting those titles to the trusts or confidences reposed in those who received them." 101 Texas, 365.

In Barnett v. Vincent, 69 Texas, 686, 687, Vincent and Williams and their children agreed to use their joint earnings to pay for 500 acres of land and on compliance with the agreement each child was to have a defined tract of fifty acres. The 500 acres were conveyed to Vincent and Williams by a deed for $1,000 cash and notes for $4,000 secured by vendor's lien which the deed reserved. The titles of the children, who had complied with their obligations, were sustained in the following declaration of this Court:

"The land had been bought in the name of their parents for the benefit of the appellees as well as of the nominal purchasers. It was paid for as well with the means of the appellees as of their parents and the other parties interested. This made the parties in whose names the land was bought trustees for the benefit of the appellees to the extent of the land intended for them, and for which they paid. This trust was not within the statute of frauds, and it was not necessary, therefore, that it should be in writing."

We see no reason for not giving the same effect to the agreement sought to be proven in this case as would have been given such an agreement preceding the execution of Sherrod's deed, and as was given the agreement in Barnett v. Vincent, supra. Under the express reservation of the vendor's lien in Sherrod's deed, the superior title to the land remained in Sherrod until the purchase money notes were paid. Masterson v. Cohen, 46 Texas, 523, 524; Hamblen v. Folts, 70 Texas, 135; 7 S. W., 834. No title to nor interest in the land was or could be acquired by Elymas Johnson save such as was conditioned on payment of the notes. The Howards v. Davis, 6 Texas, 182; Roosevelt v. Davis, 49 Texas, 472; Evans v. Ashe, 50 Texas Civil Appeals, 63. The contract of sale could have been rescinded by parol agreement between Sherrod and Elymas Johnson or by Sherrod alone on Elymas Johnson's default to pay the notes or repudiation of his obligation to pay same. Thompson v. Robinson, 93 Texas, 170, 77 Am. St., 843, 54 S. W., 243; Davis v. Cox, 239 S. W., 918. If it could be said that Elymas Johnson ever became invested with any claim to or interest in the 200 acres of land to

which homestead rights might attach, such claim or interest was entirely subordinate to the superior equitable title of plaintiffs in error, under the agreement with Elymas Johnson and compliance therewith. On Elymas Johnson's repudiation of his purchase or default to meet his notes, even his possession would have become wrongful but for the assumption and fulfillment of his contract by plaintiffs in error. Browning v. Estes, 3 Texas, 474, 49 Am. Dec., 760. With the title, legal and equitable, in Sherrod and not in Elymas Johnson, at the date of the agreement with plaintiffs in error, the deed of Sherrod was all that was required to comply with the statute of frauds. Allen v. Allen, 101 Texas, 366, 107 S. W., 528. Elymas Johnson, being without title but holding a mere contract for a title conditioned on payment of the notes, and being unable to pay, could agree by parol for others to have the benefit of his contract. Mead v. Randolph, 8 Texas, 196 to 199; Secrest v. Jones, 21 Texas, 132. But for the payments procured by means of Elymas Johnson's promise to hold for plaintiffs in error, there would have been no divestiture of title out of Sherrod. Elymas Johnson was not contracting away title existing in himself. It works no harm to Elymas Johnson for title to pass from Sherrod to Elymas Johnson in trust for plaintiffs in error, by virtue of the deed and the agreement with plaintiffs in error and the latter's performance of the obligations originally resting on Elymas Johnson. Considering Elymas Johnson's inability to meet the notes, he would get only benefit from the execution of the parol agreement through the discharge of his personal obligation on the notes.

It is plainly the duty of a court of equity to prevent the perpetration of such a fraud as would result from Elymas Johnson being allowed to appropriate to his own use and benefit monies expended by plaintiffs in error in the purchase and permanent improvement of this land, in reliance on the promise of Elymas Johnson that the land should belong to plaintiffs in error. The statute of frauds does not stand in the way of the exercise of this equitable jurisdiction. Mead v. Randolph, 8 Texas, 196; Bailey v. Harris, 19 Texas, 110; Clark v. Haney, 62 Texas, 514, 50 Am., 536; Johnson v. Portwood, 89 Texas, 248, 249, 34 S. W., 596, 787.

There was error in refusing to submit the issue as to whether Elymas Johnson agreed for plaintiffs in error to pay for and own the land. For this error, the judgments of the district court and of the Court of Civil Appeals are reversed, and this cause is remanded to the district court for a new trial.

*Reversed and remanded.*