## WALKUP et al. v. STONE et al.
### No. 4440½.

Court of Civil Appeals of Texas. Texarkana.

June 13, 1934.

Rehearing Denied June 28, 1934.

Edwin M. Fulton and C. E. Florence, both of Gilmer, for appellants.

Riley Strickland, of Amarillo, Lasseter, Simpson & Spruiell, of Tyler, and Gaines T. Shaults, of Longview, for appellees.

JOHNSON, Chief Justice.

Appellee, Mrs. Lou Stone, filed this suit against appellants in trespass to try title, seeking to recover 60 acres of land described. Appellee further specially pleaded, in substance, that she was the surviving wife of J. W. Stone, deceased; that appellants were the heirs of J. W. Stone by a former marriage; that the land was purchased by J. W. Stone before his marriage to appellee; but that at the time of his marriage to appellee, three vendor's lien notes against the land, amounting to approximately one-half the purchase price, were long past due; that J. W. Stone was unable to pay said notes, by reason of which his purchase rights in the land were imperiled and in danger of being lost; that it was agreed between J. W. Stone and appellee just prior to their marriage that appellee would furnish the money to pay off said notes and the land would become their community estate; that shortly after her marriage to J. W. Stone and in virtue of their said agreement she furnished the money from her separate estate to pay off said vendor's lien notes.

It appears in evidence that the land was purchased by J. W. Stone from J. R. Castleberry by deed dated December 1, 1896, during the life of J. W. Stone's wife, Sallie Stone, mother and grandmother of appellants. The deed recites a consideration of $34.79 cash paid, and execution and delivery by J. W. Stone of his three notes in the sum of $54.40 of even date with the deed, due and payable to the order of said J. R. Castleberry, December 1, 1897, 1898, and 1899, respectively, bearing 10 per cent. interest from date. The deed does not recite a reservation of the vendor's lien. Each of the notes contain the usual reservation of the vendor's lien. Mrs. Sallie Stone died in February, 1897. Appellee, Mrs. Lou Stone, and J. W. Stone were married in November, 1900.

Mrs. Lou Stone testified, in substance, that J. W. Stone came back to her home in Mississippi in November, 1900, and proposed marriage to her; that he informed her of his purchase of the 60 acres of land, and of his inability to pay the indebtedness then past due against it, and told her if she would furnish the money to pay off the notes they would have a home, which she agreed to; that they married, came back to Texas, established their home on the land; that she turned over the money which she had inherited from the estate of her parents, being approximately $145, to J. W. Stone, and with which J. W. Stone paid off the land notes, there being a small balance with which they purchased supplies for the year; that they lived on the land until his death, and that she has continuously since lived on it.

The vendor's lien notes were introduced in evidence and bear the following indorsements: Note No. 1: "Rec'd on within note $50.00, Dec. 9, 1899. Paid in full—Dec. 10. 1900. J. R. Castleberry." Note No. 2: "Rec'd on within note $50.00 Jan. 1, 1899. Paid—Dec. 10, 1900. J. R. Castleberry." Note No. 3: "Dec. 1, 1900, Rec'd on within note $8.90. Nov. 21, 1901, Paid $50.00—In full of note. J. R. C."

In answer to special issues, the jury found: "That shortly before their marriage J. W. Stone and Mrs. Lou Stone made an agreement that if Mrs. Lou Stone would furnish her own money to assist J. W. Stone in paying off certain vendor's lien notes against the land in controversy, she would have a community interest in the land. That Mrs. Lou Stone furnished J. W. Stone $100.60. with which said vendor's lien notes were paid off."

Judgment was entered by the court in favor of Mrs. Lou Stone against appellants for a one-third undivided interest in the land. Appellants duly excepted, and have perfected their appeal.

914

Under their first proposition appellants complain of the action of the trial court in overruling their objection to that part of the testimony of Mrs. Lou Stone (as being in violation of article 3716, R. S. 1925) wherein she testified on direct examination, as a witness in her own behalf, to the alleged transaction with, and statements made by, her deceased husband, J. W. Stone. This assignment cannot be sustained for the reason that appellants on cross-examination of the witness, Mrs. Lou Stone, elicited from her, in much more detail, a repetition of the testimony objected to, which is held to constitute a waiver of the inhibition declared by article 3716; Cox v. McClave (Tex. Civ. App.) 22 S.W.(2d) 961; Reynolds v. Porter (Tex. Civ. App.) 54 S.W.(2d) 1086.

It is further contended by appellants that the agreement between appellee and J. W. Stone, and her subsequent payment of the vendor's lien notes in consideration of an interest in the land, was inoperative to vest Mrs. Lou Stone with any interest in the land; for the reason, contended, that title to the land had passed to and vested in J. W. Stone by the deed from his vendor, Castleberry, prior to J. W. Stone's oral agreement with, and the payment of the vendor's lien notes by appellee. We are of the opinion that the facts of this case come within the rule stated by the Supreme Court in Johnson v. Smith, 115 Tex. 193, 280 S. W. 158, to the effect that by reason of the superior title remaining in a vendor who expressly reserves the vendor's lien securing payment of the purchase-money notes, the vendee, whose interest in the land is conditioned on payment of the notes, may, upon default and inability to pay, agree by parol for another to have the benefit of his purchase contract, and upon payment of the vendor's lien notes by such third party the vendee will not be permitted to deny that he holds title in trust for the benefit of the party who has in reliance on the agreement paid off the notes.

The deed from Castleberry to J. W. Stone does not in itself recite the reservation of the vendor's lien, but it recites the execution and delivery of the notes as a part of the purchase price, and the notes executed contemporaneously with the deed refer to the deed and each expressly reserves and retains the vendor's lien in the grantor. In such circumstances it is held that the deed and notes will be construed as one instrument evidencing an executory contract to sell, and to prevent the superior title from passing by the deed until the purchase-money notes are paid. New England Loan & Trust Co. v. Willis, 19 Tex. Civ. App. 128, 47 S. W. 389.

We are not of the opinion that any of appellants' assignments present error, and they are respectfully overruled.

Appellee, Mrs. Lou Stone, has filed a cross-assignment of error, under which she complains of the action of the trial court in not rendering judgment in her favor for one-half instead of one-third interest in the land. It does not appear from the record that appellee took any exception in the trial court to the judgment as rendered and entered fixing her quantity of interest at one-third interest in the land; the error, if any, as complained of, is not fundamental; hence the assignment is overruled.

The judgment of the trial court is affirmed.