**FIELDER v. HAYNES et al**

No. 13412.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 2, 1936.

Rehearing Denied Oct. 30, 1936.

Walker & Baker, of Cleburne, for appellant.

W. H. Slay and Robert Harrison, both of Fort Worth, for appellees Alf E. Haynes, Harry L. Haynes, Paul Fitzgerald, and Mrs. Helen Fitzgerald.

Clark, Lopp & Stegall, of Fort Worth, for appellees Lawrence F. Berdan, Mrs. Phullis Mary Berdan, and Mrs. Elsie M. Heike.

DUNKLIN, Chief Justice.

On September 1, 1928, J. P. Fielder and Mrs. Mattie Fielder, husband and wife, executed a deed to H. L. Haynes, Jr., and Mrs. Annie Haynes, his wife, to a tract of land situated in Tarrant county, being a part of the Medlin Survey and described in the deed. The consideration expressed was $750 cash paid to the grantors and the execution by the grantees of a vendor's lien note of even date with the deed for the principal sum of $2,250, payable on or before five years after date, bearing interest at the rate of 7 per cent. per annum. In the deed a vendor's lien was expressly retained upon the property to secure the payment of the note. Both of the grantees in said deed died intestate.

Default having been made in payment of the note, J. P. Fielder instituted this suit on June 8, 1935, after the deaths of both of said grantees, against all of their lawful heirs, to establish the amount owing to him and unpaid, including principal, interest, and attorneys' fees, and that the debt be decreed to be a vendor's lien on the tract of land conveyed and also on other property owned by the decedents at the respective dates of their deaths, and that the lien be foreclosed against all the defendants and the property ordered sold for the satisfaction of the debt.

Plaintiff also prayed for a personal judgment against Alf E. Haynes for the funds of the estate of H. L. Haynes, Jr., which came into the possession of Alf E. Haynes as temporary administrator of that estate.

Defendants filed a special answer to plaintiff's suit, alleging that after the death of both of the grantees in said deed, the defendants, who were their sole heirs, entered into a parol agreement with the plaintiff, by the terms of which they bound themselves to execute a deed to the plaintiff quitclaiming to him all of their right, title, and interest in the property, thus relieving him of the expense and trouble of reacquiring the same by a foreclosure suit, in consideration of the cancellation of the remainder of the unpaid indebtedness evidenced by the vendor's lien note, and plaintiff agreed to accept such proposition and to cancel and hold for naught any unpaid balance of said debt, upon the execution to him of such a quit claim deed. In that connection the defendants further alleged that they stood ready and willing to make and deliver to the plaintiff such a deed of conveyance.

By supplemental petition plaintiff invoked the statute of frauds (Vernon's Ann. Civ.St. art. 3995) as a defense to the parol agreement set out in defendants' answer.

The case was tried before the court without a jury, and the trial judge filed findings of fact, in substance, that the parol agreement between the defendants and the plaintiff, as alleged in defendants' answer, was in fact made as therein alleged, and that the defendants, who were sole heirs of the grantees in the deed, had offered and now offer to comply with their agreement. The court then concluded, in substance, that the agreement was not invalidated by the statute of frauds but was valid and enforceable, and upon the findings and conclusions so reached judgment was rendered that plaintiff take nothing by his suit. Plaintiff has appealed from that judgment.

Appellant insists that the deed executed by him to H. L. Haynes, Jr., and Mrs. Annie Haynes vested in the grantees an interest in real estate, and the parol agreement to quitclaim the same back to plaintiff was unenforceable because in contravention of the statute of frauds. That is the controlling question to be determined here.

■ It is well settled in this state that when a vendor's lien is retained in a deed to secure purchase money for a conveyance of real estate, such transaction is an executory contract to sell, leaving the superior title in the vendor, but upon payment of the balance of such purchase money the superior title passes to the vendee without the necessity of a further deed from the vendor. Stitzle v. Evans, 74 Tex. 596, 597, 12 S.W. 326; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607.

Appellant recognizes that rule of decisions, but insists that notwithstanding the same the interest so acquired by the vendees was such an interest in land as would require a contract to convey it to be in writing, within the meaning of the statute of frauds. In support of that contention several decisions are cited, including Sprague v. Haines, 68 Tex. 215, 4

S.W. 371; Green v. Priddy, 112 Tex. 567, 250 S.W. 656; McDonald v. Whaley, 244 S.W. 596, by the Commission of Appeals. None of the three cases cited involves deeds with vendor's lien retained for purchase money, but appellant insists that such was true in some of the cases cited by Justice Hickman in McDonald v. Whaley, although the particular cases are not pointed out in appellant's brief.

However, Davis v. Cox, 239 S.W. 917, 918, involved a deed which did reserve a vendor's lien for purchase money, and the Commission of Appeals held that "the sale being executory, it could be rescinded and the title again vested in Davis and wife without a formal reconveyance."

In the case of Johnson v. Smith, 115 Tex. 193, 280 S.W. 158, it was expressly held that as long as the superior title remains in the vendor of a conveyance with the vendor's lien retained to secure payment of the purchase money, the deed is merely a contract of sale which may be rescinded by parol agreement.

In 10 Tex.Jur. § 92, p. 156, it is pointed out that in order for a contract which is executory as to both parties to be valid and enforceable, it must be mutual and binding upon both, and the lack of such mutuality of obligation renders it void. In section 94, p. 161, it is said: "As a general rule mutuality of remedy is essential to relief by way of specific performance. A contract which, because of lack of mutuality of obligation, is incapable of being specifically enforced against one party may not be specifically enforced against the other."

In 38 Tex.Jur. § 33, p. 694, it is said: "While it has been said in some of the cases that mutuality must have existed at the time the contract was entered into, it is not essential that there should have been mutuality of remedy at that time, but it is sufficient if it exists at the time the suit is filed, or even at the time of the decree."

In Milliken v. Townsend (Tex.Com. App.) 16 S.W.(2d) 259, 260, Townsend was decreed the right of specific performance of a contract of Mrs. Milliken to convey to him certain real estate in consideration of Townsend's contract to convey to her his homestead. Although Townsend's wife did not join with him in the execution of his contract to convey the homestead, he was decreed the specific performance of Mrs. Milliken's

contract upon his tender to her of a deed to his homestead, duly executed by himself and wife. In the opinion of the Commission of Appeals this is said: "The contract imposed mutual obligations on the contracting parties. Although Townsend was unable to perform his promise to convey to Mrs. Milliken the homestead of himself and wife, unless his wife consented to the conveyance, the promise nevertheless constituted a legal obligation. This obligation was capable of being performed by Townsend, and of being specifically enforced against him, when the legal obstacle to performance was removed. Goff v. Jones, 70 Tex. 572, 8 S.W. 525, 8 Am.St.Rep. 619. When Mrs. Townsend supplied her consent to such conveyance in the manner prescribed by law, as she did, the legal obstacle to performance of Townsend's obligation in that respect was removed. Having then become able to perform his contract in all respects, and being ready and willing to do so, Townsend was entitled to demand specific performance of Mrs. Milliken's obligations under the contract. Tison v. Smith, 8 Tex. [147] 148; 5 Pom.Eq.Jur.(2d) § 2194. His offer in this suit, of the deed duly signed and acknowledged by himself and wife, furnished the court with the means of giving Mrs. Milliken, by appropriate orders respecting delivery of the deed and possession thereunder, the benefit of performance by Townsend of his obligation to convey to her his homestead."

In this connection it is interesting to note that our statutes requiring the joinder of the wife with the husband in a deed of conveyance of their homestead and rendering unenforceable a contract to convey same even when executed by both (22 Tex. Jur. § 78, p. 112) are of equal force as the provisions of the statute of frauds making unenforceable contracts to convey real estate.

In 20 Tex.Jur. § 53, p. 262, it is pointed out that the statute of frauds now under discussion does not declare a parol contract for the sale of land to be illegal or void. It merely renders the contract voidable at the option of the party who is sought to be charged or bound by making it unenforceable through judicial proceedings.

■ Under the decisions in Davis v. Cox and Johnson v. Smith, supra, the parol agreement relied on by the grantees in the deed in controversy for satisfac-

tion of the vendor's lien note given by them in consideration of their tender of the deed quitclaiming to plaintiff all their rights under that deed was valid and enforceable. And under the decision of the Commission of Appeals in the Milliken Case, supra, their tender of performance of their contract established their defense to the suit, as held by the trial court.

We conclude that the evidence introduced was sufficient to support the findings of fact by the trial judge and, accordingly, the assignments of error presenting propositions to the contrary are overruled.

The judgment of the trial court is so reformed as to vest in plaintiff (appellant here) a fee-simple title to the property described in his deed mentioned above as against all the defendants and quieting his title as against all claims that may be asserted by them or any of them under and through said deed of conveyance; such reformation being based on defendants' disclaimer of title. And as so reformed, the judgment is affirmed.