## WAUKEE v. HILL et ux.

### No. 3453.

Court of Civil Appeals of Texas. El Paso.

Dec. 10, 1936.

Rehearing Denied Dec. 23, 1936.

E. B. O'Quinn, of Marfa, for appellant.

Kemp, Nagle & Smith, of El Paso and Swearingen & Bledsoe, of Marfa, for appellees.

PELPHREY, Chief Justice.

This suit was filed by appellant on June 6, 1935, against Edwin F. Hill and his wife, Frances B. Hill, seeking to recover a one-half interest in certain properties in Presidio county, Tex.; to have a partition decreed; that, in case the properties were found incapable of partition, they be sold and the proceeds divided between him and appellees; and that two deeds executed by Edwin F. Hill to Frances B. Hill be set aside, canceled, and held for naught.

The allegations upon which he depended for a recovery were: That on February 24, 1922, appellees came to him and told him they had an opportunity to buy the properties here involved, one parcel from Mrs. Petra Gleim, the surviving wife of E. G. Gleim, deceased, and her daughter, Mrs. Mercedes Driffill, and another from the Presidio Mining Company; and that, if he would furnish $3,000, they would furnish the balance and would buy the property and that they would own a one-half interest in the property and he the other one-half interest; that he, not having the sum of $3,000, paid to appellees the sum of $2,400, for which they agreed that he should have a one-half undivided interest in the properties; that appellees, instead of securing deeds from the property showing the one-half interest to belong to appellant, secured the deed to the Gleim property to be executed to Edwin F., or E. F., Hill, doing busi-

ness in the name of the Del Norte Company, and the deed for the Presidio Mining Company property to be executed to Edwin F. Hill; that by so doing Hill received an undivided one-half of the property in trust for appellant.

At the conclusion of the evidence, the trial court instructed a verdict for appellees and this appeal followed.

## Opinion.

At the beginning of our investigation we find that there is no evidence of any character which would even tend to impress a trust upon the Presidio Mining Company tract and that the deed from Mrs. Gleim, Mrs. Driffill, and her husband, Alfred Driffill, was executed on August 29, 1921, and delivered to E. F. Hill, on October 12, 1921, more than three months before the time appellant claims to have furnished a part of the purchase money.

The consideration in this deed is recited as $6,000 cash, and there is no suggestion in the deed that any portion of the purchase price remained unpaid.

The agreement alleged and testified to by appellant having been entered into after the deed had been delivered to Hill, it becomes important to ascertain what interest Hill had in the property by virtue of such deed. If the deed conveyed to him the superior title, then the only way in which he could have conveyed an interest in it to appellant would have been by an instrument in writing. Article 1288, Revised Statutes. But, if the deed, because of the fact that the consideration had not in fact been paid, merely constituted an executory contract and conveyed to Hill only the equitable title, then a writing was not necessary to impress a trust upon the land. Johnson v. Smith, 115 Tex. 193, 280 S.W. 158.

One of the leading cases on the question is that of Baker v. Compton, 52 Tex. 252. In that case the court said: "It is to be remarked that the deed from Testard, as described in the statement of facts, is an absolute deed with warranty; and though it recites that for the unpaid part of the purchase-money certain promissory notes were executed, no express lien is retained to secure their payment. The cases cited by appellees are all cases where the vendor, though he makes a deed, recites in it that a lien is retained

for the unpaid purchase-money, or takes at the time a mortgage or deed of trust to secure its payment. In the opinion of the writer, the decisions of this court show a broad line of demarkation between such cases and the one at bar, holding that the former are executory contracts, in which the superior title remains in the vendor, but classing the latter as executed contracts, in which the vendor has parted with his title, and has only the implied vendor's lien for the unpaid purchase-money. It is true, the expression has been sometimes used in opinions, that until the purchase-money is paid the superior title is in the vendor, but it will, he thinks, be found that it has always been in discussing a case where there was an express lien, or where the contract was executory."

This holding was followed by the court in Webster v. Mann, 52 Tex. 416, in which opinion the court held that the mere fact that a part of the purchase money remains unpaid, in an executed contract for land where no express lien was retained, would be insufficient to give the vendor the right to claim that the superior title to the land remained in him.

In Carson v. Kelley & Sweatt, 57 Tex. 379, a deed to land was executed reciting on its face that the conveyance was made in consideration of the sum of $2,212.50, $75 of which was paid in hand, and two promissory notes were executed by the vendee for the balance. In discussing this deed the court said: "There being no express reservation of the vendor's lien contained in terms in the deed, the contract of sale of the land was, according to the decision made in Baker v. Compton, 52 Tex. 252, 261, an executed contract."

Again in Rindge v. Oliphint, 62 Tex. 682, we find the court adhering to the rule in passing upon a deed from a sheriff to appellee. The deed recited the sale by virtue of the order of the court, and also of another tract, for a gross sum, without distinguishing the amounts bid for the two tracts, respectively, and proceeded to recite that the purchaser executed his note for the gross sum, payable twelve months after date, as the consideration for his purchase of the two tracts of land. The court had this to say: "The deed from the sheriff to W. D. Oliphint did not reserve the vendor's lien. The lien existed by operation of the law, but

the contract was not rendered executory by reason of a reservation of the vendor's lien made in the deed. Such being the ·case, the superior title did not remain in the estate or heirs of Joseph B. Oliphint, deceased. Baker v. Compton, 52 Tex. 252. Otherwise, however, if the vendor's lien was reserved in the deed. Hale v. Baker & Rice, 60 Tex. 217."

The deed in this case, being absolute with warranty, the vendors, by its execution, parted with their title and, if the purchase money was in fact unpaid, they retained nothing but an implied vendor's lien, and therefore Hill became the holder of the superior title, and any verbal contract to dispose of an interest in the land would have been contrary to the statute and unenforceable.

Under this view, which we think is supported by the authorities, we have concluded that the trial court properly instructed a verdict in favor of appellees. Williams v. County of San Saba, 59 Tex. 442, and Allen v. Allen, 101 Tex. 362, 107 S.W. 528.

In view of this conclusion, we find it unnecessary to discuss the remaining questions.

The judgment is affirmed.