## COMMISSIONERS' COURT OF NAVARRO COUNTY et al. v. PINKSTON et al. (No. 10007.)

Court of Civil Appeals of Texas. Dallas.
April 23, 1927.

Rehearing Denied June 4, 1927.

1. Statutes ⬤⇒68 — Statute providing for elections in political subdivisions of county to determine tax levies for highways held "general statute" (Rev. St. 1925, art. 6790).

Rev. St. 1925, art. 6790, providing for elections on order of commissioners' court to determine levy upon property within political subdivisions of county for road tax, held "general statute" for maintenance of highways, not local law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Law.]

2. **Highways** ⬅️122—Statute permitting levy for road purposes by vote of political subdivisions of county held unconstitutional (Rev. St. 1925, art. 6790; Const. art. 8, § 9).

Rev. St. 1925, art. 6790, providing for election on petition to determine whether commissioners' court should levy on property within any political subdivision or defined district county tax for road purposes, being a general statute, *held* in contravention of Const. art. 8, § 9, which limits levy for roads and bridges, unless Legislature authorizes additional tax on vote of majority of taxpaying voters of county.

3. **Highways** ⬅️122—Statute permitting levy for roads on vote held not authorized by constitutional provision authorizing tax levy for interest on road building bonds (Rev. St. 1925, art. 6790; Const. art. 3, § 52).

Rev. St. 1925, art. 6790, permitting levy of tax for roads by subdivision of county not to exceed 15 cents on a $100 valuation, *held* not authorized by Const. art. 3, § 52, which allows Legislature to permit political subdivisions of county to issue bonds or loan credit for building roads and to levy taxes to pay interest and provide sinking fund.

4. **Highways** ⬅️125—15 cent county tax levy for road purposes and additional 10 cent levy pursuant to county-wide election held valid (Const. art. 8, § 9; Rev. St. 1925, art. 6790).

County tax levies of 15 cents for roads and bridges by commissioners' court and additional levy of 10 cent tax for same purpose pursuant to county-wide election, under Const. art. 8, § 9, and Rev. St. 1925, art. 6790, *held* valid.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by L. A. Pinkston and others against the Commissioners' Court of Navarro County, and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. S. Simkins, of Corsicana, for appellants.

Gibson, Lovett & Lovett, of Corsicana, for appellees.

VAUGHAN, J. On the 20th day of December, 1926, the following order was entered in open court by the trial judge on appellees' amended petition, filed December 18, 1926:

"An injunction is granted as prayed for in said petition, restraining the defendants and each of them from doing the things complained of in said petition; and the collection of 10 cents of the road tax levied by road district No. 1 in Navarro county, Tex., is hereby restrained, and the tax collector of Navarro county, Tex.; is hereby directed and commanded to accept the amount of taxes tendered to him by the plaintiffs, being the amount assessed against them, less 10 cents on the $100 property valuation tax levied in road district No. 1 for the year 1926."

From this order appellants duly prosecuted their appeal.

We find the following material facts to have been established before the judge of the lower court:

That appellees L. A. Pinkston, G. G. Owen, and T. J. Worthington are resident citizens of and each pays taxes on both real and personal property situated in road district No. 1 of Navarro county, Tex.; that Geo. W. Boyd is the duly and legally elected, qualified, and acting tax collector of Navarro county, Tex.; that on petition duly presented to the commissioners' court of Navarro county, Tex., on the 20th day of February, 1913, said road district No. 1 was duly created and established for the purpose of laying out, constructing, maintaining, and operating macadamized, graveled, or paved roads and of issuing bonds for such purpose; that said road district No. 1 includes only a portion of Navarro county, namely, all of commissioners' precinct No. 1 and other portions of said county; that at an election duly ordered and held in 1917 for that purpose a maintenance tax of 10 cents on the $100 assessed valuation of property in said road district was duly carried, assessed, and has been assessed and levied for the year 1926, and is one of the taxes involved in this suit; that under proceedings in every respect in strict compliance with the law, at an election ordered and held for that purpose, during 1925, the qualified voters of Navarro county voted in favor of and there was duly levied a county-wide tax of 10 cents on the $100 assessed property valuation, for the purpose of maintaining the public roads of said county, and said tax was levied for the year 1925 and for the year 1926, and in addition to the 10 cents tax levied in said road district No. 1; that in addition to the above taxes, amounting to 20 cents on $100 property valuation, the commissioners' court of Navarro county, under the authority conferred upon it by article 8, section 9, of the Constitution of Texas for the year 1926, and for several years prior thereto, had levied an additional 15 cents on the $100 assessed valuation for roads and bridges, making a total levy for maintenance of roads and bridges in road district No. 1 of 35 cents on the $100 property valuation; that each of appellees tendered to the tax collector of Navarro county the amount of the tax assessed against him, less 10 cents on the $100 assessed valuation, which tender was refused by him; that the Legislature had not enacted a local or special law, under article 8, section 9, of the state Constitution, providing for the voting, levying, or collecting of a local or special tax for the maintenance of public roads in said road district No. 1. The 15 cents tax levied by the commissioners' court for maintenance of roads and bridges in Navarro county is not involved in this suit.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellants, for authority to levy the tax for said road district No. 1, rely upon article 6790, R. C. S. 1925, which, in so far as applicable to any political subdivision or defined district of a county, in part, reads as follows:

"The commissioners' court shall order an election upon presentation to it at any regular session of a petition signed by" fifty qualified voters and property tax payers "in any political subdivision or defined district of the county, requesting said court to order an election to determine whether said court shall levy upon the property within said territory a road tax not to exceed fifteen cents on the one hundred dollars worth of property, under the provisions of the amendment of 1889 to the Constitution of the state of Texas, adopted in 1890."

The constitutional amendment referred to in said article 6790 was an amendment of article 8, section 9, which was again amended January 7, 1907, and as thus amended is the present article 8, section 9, of our state Constitution, which, in so far as pertinent to the questions presented by this appeal, is as follows:

"No county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, * * * and the Legislature may also authorize an additional ad valorem tax to be levied and collected for the further maintenance of public roads: Provided, that a majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county and the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

[1, 2] By the above the Legislature is only empowered to authorize an additional ad valorem tax to be levied for the purpose of maintaining public roads by a majority vote of the qualified property tax paying voters of the county for the purpose of maintaining the roads of the county, and not of any subdivision thereof. The measure authorized was one for the benefit of the entire county, and to be voted on by the property tax paying voters of the entire county, at an election to be held for that purpose. The language clearly excludes the levying of the tax therein provided for by any other vote than that of the entire county and not for local but for county-wide purposes, and prohibits such tax so authorized from exceeding 15 cents on the $100 valuation of the property subject to taxation in the county. By said quoted language of article 6790, it is clear that it was the intention of the Legislature to confer on any political subdivision or defined district of a county the right by a majority vote of the qualified voters and property tax payers thereof to levy a road tax not to exceed 15 cents on the $100 worth of property subject to taxation in said political subdivision or defined district. Said article is not a local law for the maintenance of public roads and highways, but a general statute. Therefore the above-quoted provision of said article is in contravention of the plain terms of article 8, section 9, of our state Constitution. It is true, the Legislature is authorized by the provisions of said article 8, section 9, to pass local laws for the maintenance of public roads and highways, but no such local law was passed for the benefit of said road district No. 1.

[3] Appellants also rely upon article 3, section 52, of our state Constitution, as authority for the enactment of article 6790, supra. The nearest approach to such authority is the power conferred on the Legislature by said constitutional provision to authorize any county, any political subdivision of a county, or any number of adjoining counties, or any political subdivision of the state, or any defined district now or hereafter to be described and defined, within the state of Texas, upon a vote of a two-thirds majority of the resident property tax payers voting thereon who are qualified electors of such district or territory to be affected thereby, to issue bonds or otherwise lend its credit in any amount not to exceed one-fourth of the assessed valuation of the real property of such district or territory, and levy and collect such taxes to pay the interest thereon, and provide a sinking fund for the redemption thereof, for the purpose of constructing, maintaining, and operating macadamized, graveled, or paved roads or turnpikes, or in aid thereof. The language, "issue bonds or otherwise lend its credit," excludes the idea that the Legislature by said constitutional provision was authorized to enact a law empowering political subdivisions of the state named therein to levy a tax for any other purpose than to pay the interest on and provide a sinking fund for the redemption of bonds authorized to be issued by the Legislature in conformity with said constitutional provision. Article 6790, relied upon by appellants as authority for the levy of the tax sought to be enjoined, finds no support or authority for its existence in the provision of said constitutional provision. Said article only deals with and confers authority under certain proceedings required to be had to levy upon the property within the territory therein defined, a road tax not to exceed 15 cents on the $100 worth of property, being merely a maintenance tax, and not with a tax to be levied to pay the interest on and provide a sinking fund for the redemption of bonds issued for the construction, maintenance, and operation of macadamized, graveled, or paved roads or turnpikes, of a subdivision of a county, as de-

fined in article 6790, supra. In other words, section 52 merely confers upon the Legislature the right to pass an act conferring upon the people of a political subdivision, as defined therein, the right, upon a vote of two-thirds majority of the resident taxpayers, to issue bonds in any sum not exceeding one-fourth of the valuation of real property within such district or territory, for the construction, maintenance, and operation of macadamized, graveled, or paved roads or turnpikes, or in aid thereof.

[4] We therefore hold that the tax as levied by the commissioners' court, in the sum of 15 cents, for the maintenance of roads and bridges, and the levy of the additional tax of 10 cents by the commissioners' court, as authorized by a county-wide election, also for that purpose, are valid tax levies; and further hold that the levy of 10 cents tax by road district No. 1, as a road tax, under article 6790, supra, was an illegal levy, and therefore the judgment of the lower court should be affirmed.

Affirmed.