**GARDNER et ux. v. PLATT et al.**

No. 7926.

Court of Civil Appeals of Texas. Austin.

Jan. 31, 1934.

Rehearing Denied Feb. 21, 1934.

E. R. Pedigo, of Austin, for appellants.

Geo. S. Dowell and Hart, Patterson & Hart, all of Austin, for appellees.

BAUGH, Justice.

This case arose as follows: On May 10, 1920, appellees sold and conveyed to appellants 150 acres of land near Austin, in Travis county, Tex. The consideration recited was the payment of $1,500 cash; the sum of $100 payable thereafter on the 10th day of each month to Mrs. Fanny Gray Platt as long as she should live, and, if she should predecease her husband, payment to him after her death of $50 per month as long as he should live; and the further payment by appellant to Mrs. Platt of the sum of $500 on the 1st day of January of each year beginning January 1, 1922, continuing as long as she should live. This deed also contained the following provision: "And failure of the grantees herein, their heirs, assigns or legal representatives, to pay any of said monthly installments or any of the above mentioned yearly $500.00 installments, or to pay taxes on the hereinafter described property each year shall authorize the grantors herein, so long as both of them live, and the survivor of them, at his or her option to recover possession and title to the hereinafter described property for such failure or failures."

On June 4, 1932, appellees filed this suit to recover 110 acres of said lands, 40 acres thereof having theretofore been conveyed to Eugene Howard, in which conveyance appellees joined, alleging that appellant had failed to pay the taxes on said lands for the years 1928, 1929, 1930, and 1931, and had defaulted in the $100 monthly payments for April and May, 1932, and sought to recover said lands under the above-quoted provision of said deed.

By first amended answer, in addition to demurrer and denial, the appellants pleaded in paragraph IV thereof substantially the following: That they never did agree to the above-quoted provision in said deed; that same was never discussed in their negotiations prior to its execution; that they did not discover such provision in said deed until September 1920, when they undertook to improve the premises before going into possession thereof in November. They also pleaded facts excusing them for failure to discover the above-quoted provision sooner; that upon discovery thereof they immediately went to appellees and advised them that they would sue to rescind the transaction because of such provision, whereupon, according to their allegations, appellees verbally agreed to "rescind, abrogate and waive" said reversionary clause, and that they would never seek to enforce it if appellants would not sue to rescind the transaction; that, in reliance upon this promise, appellants expended $7,000 in improvements on said property and continued to pay the sums in said deed provided; that, though they have often been in arrears on said payments, appellees have heretofore kept their promise not to enforce said provision; that pursuant to appellees' oral waiver of said reversionary clause, and in reliance thereon, appellants have paid to appellees since May, 1920, sums aggregating $21,250, and in addition have expended $7,000 in improvements on said property, which has never been worth more than $10,000; that, by reason of these facts, and of appellees' promises and appellants' reliance thereon, and their payments on the faith of same, appellees are now equitably estopped to enforce said provision in the deed.

Against this pleading, appellees, plaintiffs below, lodged several exceptions, the only ones which we deem material here were: That said pleadings were an attempt to vary by parol the material terms of the written contract, i. e., the deed; and, second, that the alleged agreement to waive said provision is within the statute of frauds. These exceptions were sustained, and said paragraph IV of such pleadings stricken out.

In paragraph VI of appellants' amended answer, they alleged substantially the same facts as alleged in paragraph IV, on which

they sought in the alternative a cancellation and rescission of said conveyance, a recovery of the moneys paid by them, and the value of their improvements, less the $6,500 they had received for the 40 acres sold to Howard, and that said lands be impressed with, and a foreclosure be decreed of, an equitable lien thereon as security for such amount as they should recover.

Substantially the same exceptions were lodged against this paragraph as were lodged against paragraph IV of said pleadings and were sustained by the trial court. All evidence on the issues raised by such pleadings was excluded, a verdict directed by the trial court in favor of appellees for a recovery of the land, and judgment rendered accordingly.

We think the trial court erred in striking out paragraph IV of appellants' answer, pleading waiver and estoppel. While appellants treat this suit as in the nature of an action for rescission and cancellation, we think it is rather a forfeiture sought to be enforced by appellees for breach of a condition subsequent contained in said deed.

■■ The general rule is well settled that a modification of a written contract, required to be in writing, such as the one here involved, comes within the statute of frauds, and, unless such modification be in writing, it cannot be enforced. Ickert v. Minor (Tex. Civ. App.) 22 S.W.(2d) 741, and numerous authorities there cited. But this rule is not without exception. The statute of frauds has for its purpose the prevention of fraud, and will not be so applied as to enable one invoking its protection to thereby secure such advantage over his adversary as would amount in law to a legal fraud upon the latter. Nor does this "mean fraud in the sense of deliberate and conscious deceit, but a fraud inhering in the consequence of thus setting up the statute." Matthewson v. Fluhman (Tex. Com. App.) 41 S.W.(2d) 204, 206.

■ If in fact, as alleged, appellants had never agreed to the clause complained of, and same was placed in the deed through fraud, accident, or mistake, and they were not guilty of negligence in not discovering it when the deed was accepted by them, they could, by seasonable action, have rescinded the transaction or had the deed so reformed as to embody the true terms of their agreement. According to their allegations, they were prevented from doing so by the oral agreement with the appellees, in compliance with which they have very materially altered their position. According to their allegations they have paid, on the assumption that appellees would waive the forfeiture provision in the deed, a total of $21,250 for land never worth more than $10,000, and in addition thereto have placed improvements on the land of the value of $7,000, all of which would be taken away by enforcement of the provision which appellees orally agreed to waive, and which would result should the statute of frauds be applied.

■ It is elementary that forfeitures are not favored in law; and it may be seriously doubted whether appellees, even had there been no such agreement, could, under the rule announced in Benavides v. Hunt, 79 Tex. 391, 15 S. W. 396, 399, after having permitted appellants on numerous occasions to get in arrears on their payments without invoking such forfeiture, now invoke such forfeiture to appellants' injury, after waiting to exercise such right until appellants had paid them such large sums and made valuable improvements in good faith. The language of Judge Stayton in that case would appear to be apt as applied to the facts here: "If a grantor, so situated, on breach of condition, desires to terminate an estate, good faith requires him to act promptly, and on failure to do so he should not be permitted to reap the benefit of money subsequently expended or labor bestowed, when by his failure to assert his right he induced a grantee to believe that he would not, and to continue the expenditure of money."

Regardless of that, however, under the allegations made, we think the rule announced by Judge Gaines in Morris v. Gaines, 82 Tex. 255, 17 S. W. 538, 539, applies to the oral agreement pleaded by appellants. The court there held: "The doctrine is well established that where either party, in reliance upon the verbal promise of the other, has been induced to do or to forbear to do any act, and thereby his position has been so changed for the worse that he would be defrauded by a failure to carry out the contract, equity will enforce a performance."

In Texas Co. v. Burkett, 117 Tex. 16, 296 S. W. 273, 279, 54 A. L. R. 1397, the same rule is laid down by Judge Cureton, in the following language: "The general rule is that, where one party to an oral contract has in reliance thereon so far performed his part of the agreement that it would be perpetrating a fraud on him to allow the other party to repudiate the contract and set up the statute of frauds in justification thereof, equity will regard the case as being re-

moved from the operation of the statute, and will enforce the contract."

▮ And when the invocation of the statute of frauds as against an oral contract, subject thereto, would result in a fraud by grantors upon a grantee, regardless of any deliberate intent or purpose to defraud, a court of equity has power to grant relief. "The statute of frauds does not stand in the way of the exercise of this equitable jurisdiction." Johnson v. Smith, 115 Tex. 200, 280 S. W. 158, 161, and cases there cited.

Clearly we think the trial court erred in striking out appellants' plea of estoppel and waiver.

▮ Paragraph VI of appellants' amended answer, wherein they sought cancellation and rescission of the deed, was pleaded in the alternative. If they were entitled to set up as a defense their plea of estoppel against appellees' suit, which we have sustained, this of course amounts to an affirmation of the written contract as modified by the parol agreement. Thus relying upon its validity and asserting their rights under it, they cannot themselves in turn then demand a cancellation of it.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.