**PHILLIPS PETROLEUM CO. v. VAUGHAN.**

No. 5894.

Court of Civil Appeals of Texas. Amarillo.
Sept. 27, 1948.

Rehearing Denied Nov. 1, 1948.

E. H. Foster, H. D. Johnson and Jack Ritchie, all of Amarillo, for appellant. .

Harris M. Kimbrough, of Amarillo, for appellee.

PITTS, Chief Justice.

Appellee, Mrs. E. A. Prince Vaughan, a married woman who had previously had her disabilities of coverture removed, filed suit against appellant, Phillips Petroleum Company, for a debt in the sum of $1386.78. Appellant answered with a general denial except for the sum of $342.18 with interest thereon at the rate of 6% from December 1, 1943, which sum is tendered into open court for the benefit of appellee, leaving in controversy only the sum of $1044.60 together with interest thereon.

The record reveals that on March 29, 1935, appellant acquired a mineral lease in the form of a written assignment from E. T. Timms Oil Corporation on certain lands situated in Hutchinson County for a consideration of $75,000.00, payable $35,-000.00 in cash and the remaining balance of $40,000.00 payable out of the proceeds of production if and when produced. Payments were thereafter made by appellant to Timms Oil Corporation at regular intervals out of the production until there was an unpaid balance of $27,990.88 of the obligation remaining on August 1, 1938. On August 29, 1938 Timms Oil Corporation, for a valuable consideration, transferred by a written assignment to appellee its interest in the balance of the said obligation as of date August 1, 1938, the same being $27,990.88. Thereafter appellant paid appellee at regular intervals out of the proceeds of production the total sum of $26,604.10, which sum, together with the sum tendered by appellant into open court, reduced appellee's claim to $1044.60 together with lawful interest thereon.

Appellant contends that appellee's claim has been fully liquidated except for the amount tendered into court. Appellant further contends that the balance of the obligation claimed by appellee to have been outstanding and yet unpaid is the sum appellant had paid for appellee as gross production tax for her on her pro rata part of such a tax on her part of the production for the years since 1938. Appellee contends that appellant was paying

the gross production tax on all of the production at the time she bought an interest in the production, and that it obligated itself to continue such payments and did continue them without question for some months after she bought an interest in the production. She further contends that by reason of such a commitment appellant waived any right it may have had to collect from her any part of the gross production taxes and that it is now estopped from attempting to collect any part of such taxes.

The case was tried to a jury. After the evidence closed and without objections from either party, the trial court discharged the jury because there was no issue of fact to be determined, heard the argument of counsel, took the causes under consideration and at a later date in the same term rendered judgment for appellee, from which an appeal has been perfected.

Appellant contends that the suit, in effect, is one to determine who is liable for the gross production taxes on the proceeds from that part of the production owned by appellee and it further contends that the law itself places the burden of paying such taxes upon appellee. Appellee asserts that, regardless of the provisions of the law, the parties could have agreed between themselves as to which party should bear the burden of paying such taxes even as they can on the question of paying ad valorem taxes or that a party can pay such taxes and by words and acts waive any claim he may have had to have himself reimbursed therefor and estop himself from making a claim therefor. The trial court correctly states the controlling issue to be determined when it states in effect in its finding that the question to be determined in this suit is whether or not under the facts and circumstances appellant is entitled to have credit on appellee's account on the balance of the $40,000.00 obligation purchased by her for the amount of gross production taxes paid by appellant on appellee's part of the production. The trial court found that appellant was not entitled to such a credit or to recover judgment for such

sum under the facts and circumstances. There is little, if any, controversy about the facts in the case and such was conceded by all parties when the jury was discharged by the trial court without any objections from either party for the reason that there was no controverted fact issues to be submitted to the jury.

At the request of appellant the trial court, in support of its judgment, filed its findings of fact and conclusions of law, supplemented by additional findings made at the request of appellant. The material findings of the trial court are in effect as follows, to wit: that appellant was informed by appellee and her attorney and therefore knew prior to the consummation of the purchase by appellee of the balance of the $40,000.00 obligation that she was negotiating such a purchase and appellant furnished appellee and her attorney with such information as they requested in order to help her consummate the purchase and in order to help her to procure the necessary instruments to have the payments transferred to her after she purchased the balance of the obligation; that during the negotiations leading up to and prior to the consummation of the purchase of the said obligation by appellee from Timms Oil Corporation, she and her attorney made certain investigations and inquiries to ascertain the balance owed on the obligation by appellant and what charges, if any, would be made against the same; that it was the practise of appellant from March 29, 1935 to April, 1939 to send to the owners of the balance of the $40,000.00 obligation a monthly statement, together with a remittance, in writing showing the amount previously paid on the obligation and the unpaid balance of the same; that appellee examined appellant's monthly statement for June, 1938 which statement showed the total sum paid and the remaining balance and she examined a letter written by appellant fixing the July, 1938 remittance in order to determine the balance of the obligation due on August 1, 1938 and she finally found such amount to be $27,990.-88, which was the amount she purchased; that appellee's attorney was advised by

appellant during the negotiations and prior to the consummation of the purchase that no gross production taxes were being charged against the balance of the said obligation and that such would not be charged against such obligation; that by reason of the written statements made by appellant and examined by appellee and by reason of the verbal statements made by appellant, appellee was led to believe and understood that appellant was not charging and would not charge any gross production taxes paid by it against the balance of the said obligation; that appellee relied on such information and understanding in purchasing the balance of the obligation, otherwise she would not have paid the consideration she did pay for the balance of such obligation; that appellant did not charge or attempt to charge any of the gross production taxes paid by it against the balance of the said obligation until the month of April, 1939, which was several months after appellee had bought the balance of the obligation and appellant did not inform appellee that it was making a charge against her account for part of the gross production taxes until on or about December 23, 1943; that, until some months after appellee bought the balance of the said obligation, appellant, in fact, construed and interpreted the original assignment made to it of date March 29, 1935 by Timms Oil Corporation as prohibiting the deduction by appellant of any amounts from the balance of the said obligation for gross production taxes paid by it and appellee knew of and relied upon appellant's construction and interpretation of the said assignment at the time she purchased the balance of the obligation; that appellant knew or should have known that appellee was relying on the information furnished her by appellant during her negotiations and at the time she purchased the balance of the said obligation and especially should appellant have known that appellee was relying on the fact that appellant was not charging and had never charged any gross production taxes against the said obligation or any part thereof and had obligated itself not to do so in the future; that because of appellant's commitments made to her and to her

attorney, appellee believed at the time she purchased the balance of the said obligation that appellant would not make any charge against the proceeds of her interest in the production or deduct from such interest anything or any sum paid by it for gross production taxes and that, if appellant had the right so to do under the original assignment of date March 29, 1935, it had waived such a right, all of which she relied on in purchasing the balance of the said obligation; that by reason of the manifest construction and interpretation of appellant placed upon the terms of the original assignment, by reason of the statements made by it thereunder, by reason of verbal statements made by appellant's agents at and prior to the purchase of the obligation, appellee was induced by appellant to believe and she did believe that appellant would not make any charge or attempt to make any charge against her account for any sum paid by it for gross production taxes. For all of which reasons the trial court concluded as a matter of law and equity that appellee was entitled to judgment.

Appellant devotes considerable discussion to the question of whether or not the original assignment is ambiguous and to the probable construction and interpretation the trial court may have placed upon the terms of the said assignment and it further complains because the trial court would not make a finding concerning the construction and interpretation placed upon the original assignment by L. W. Timms, president of the E. T. Timms Corporation, which was not a party to the suit. These matters are all beside the controlling issue in the case according to our views. Regardless of any construction or interpretation any of the parties may have given any of the terms of the original assignment and regardless of whether or not the said assignment was ambiguous, the trial court has seen fit because of certain acts and verbal statements made by appellant and because of other circumstances to render judgment for appellee and to file its findings in support thereof. We have concluded after a careful examination of the state-

ment of facts that the evidence supports the trial court's findings and that both this Court and the parties, under the rules of law, are bound by such findings. It seems to be conceded that the original assignment made no direct reference to the payment of gross production taxes. Before purchasing the balance of the obligation appellee ascertained from the records and the parties themselves the amount of the balance of the said obligation and she learned that appellant was paying all of the gross production taxes and was not charging any of it against the obligation she was considering buying. These matters were verified to her by appellant's agents before she purchased the obligation. Appellee's attorney was advised by appellant's agent that appellant would continue paying the gross production taxes as it had done before. This information was communicated to appellee who relied upon such representations which induced her to purchase the obligation for the consideration asked, otherwise she would not have paid the consideration asked. For several months after she purchased the obligation, no gross production taxes were charged against her interest. The evidence reveals that appellant's legal department said appellee was not charged with the said taxes because of "a misapprehension by Phillips of its legal rights" which rights the department says were corrected and in April, 1939 appellant began to charge her account with a part of the gross production taxes but she was not informed of such until on or about December 23, 1943. It is a simple rule of equity that a person or party who by acts, words, and conduct leads another to do something which the other would not have done except for the acts, words, and conduct of the first person or party, such first person or party shall not be allowed to deny his utterances, acts, or conducts to the loss, injury, or damage of the other person and to the gain of the first person or party.

[3] It is our opinion that the trial court was justified, under the facts found by it, which are supported by the evidence, and under the rules of equity in concluding that appellant had waived any right it may have had to charge any part of the gross production taxes against appellee's interest and that because of its commitments made to her prior to her purchase of such interest, appellant is estopped from charging any part of such gross production taxes against her interest or against the balance of the obligation purchased by her. All of appellant's points to the contrary are overruled and the judgment of the trial court is affirmed.