William A. MAREK et al., Appellants,

v.

John GOYEN et al., Appellees.

No. 13707.

Court of Civil Appeals of Texas.

Houston.

May 18, 1961.

Buck C. Miller, Houston, for appellant.

Rex Clawson, Houston, for appellee, Jack Roach, Jr.; Clawson, Jennings & Clawson, Houston, of counsel.

COLEMAN, Justice.

This suit was brought by subcontractors to recover for labor and materials against the owner of a building and the general contractor. The trial was to the court without a jury and resulted in a judgment against the general contractor and in favor of the owner of the building.

The Marek Bros. Sheetrock Company, a partnership composed of William A. Marek, John L. Marek and Ralph S. Marek, entered into a subcontract with John Goyen, the general contractor, to furnish and install for a total consideration of $1,922.24 the sheetrock in a house being constructed by John Goyen for Jack Roach, Jr. This money was to be paid on completion of the work. They completed this work satisfactorily, but were not paid. Within 90 days after the completion of their work Marek Brothers gave notice in writing of their claim and of their intent to file a lien to Jack Roach, Jr. and filed their lien in the office of the County Clerk. The notice was given after the house was completed and Goyen had been paid in full by Roach.

Ernest Mitschke contracted with John Goyen to furnish and lay the brick on the building for a consideration of $4,679.09, to be paid on completion of the work. He satisfactorily completed the work, doing part of the actual bricklaying himself. He was never paid. On November 7, 1955, after completion of the work, he called Jack Roach, Jr. by telephone and advised him that he had not been paid. Jack Roach, Jr. promised to pay Mitschke, but on the same date, after Goyen had promised him that he would pay Mitschke, Roach paid Goyen $5,503.02, the entire balance due. The trial court found that Mitschke relied on this promise and failed to give written notice of his claim and intention to

928

file a lien which, otherwise, he would have done. Jack Roach, Jr. subsequently refused to pay Mitschke, and he filed an affidavit with the County Clerk within 90 days of the completion of his work, claiming a lien. Mitschke here asserts his claim against both John Goyen and Jack Roach, Jr.

No appeal was taken by Goyen. Both plaintiffs are appealing from the judgment that they take nothing as to Jack Roach, Jr.

The Mareks contend that the trial court erred in failing to render judgment foreclosing their mechanics' and materialmen's lien and ordering sale of the house for the reason that they properly brought themselves within the provisions of Article 5469, Vernon's Ann.Civ.Tex.St., reading in part:

"Whenever any mechanic or artisan shall perform any labor or service for any contractor * * * in the erection or repair of any house * * *, such owner * * * shall retain in his hands during the progress of such work and for thirty days after the completion thereof, to secure the payment of said artisans and mechanics, ten per cent of the contract price of such building, * * * All mechanics or artisans who may file a mechanic's lien upon said building * * * in accordance with the law applying thereto, shall have ratably among themselves, a preference lien upon said fund so retained * * * If such owner * * * refuses or fails to comply with the provisions of this law, the mechanics and artisans performing work thereon * * *, who may file liens thereon in accordance with law, shall have ratably among themselves preference liens, to be preferred above all other liens and claims whatsoever upon such house * * * and on the lot or lots of land necessarily connected therewith to secure payment for such labor thereon."

Assuming, without deciding, that the Mareks have shown themselves to be artisans entitled to the benefits of Article 5469, supra, the judgment of the trial court is, nevertheless, correct. The purpose of this article creating a special fund for the benefit of mechanics and artisans was to grant them a preference over materialmen and subcontractors. Article 5468, V.A.T.S., provides that liens for work or labor done or material furnished shall be "upon an equal footing" without reference to the date of filing and that the proceeds of a foreclosure shall be paid pro rata. The provisions of this statute are modified by the provisions of Article 5469, V.A.T.S., to give mechanics and artisans a priority over other lienholders for work or labor done or for materials furnished to the extent of 10 per cent of the contract price. The affidavit filed by the Mareks and introduced into evidence in this case did not itemize the amounts due for labor separate from the amounts due for materials. Obviously the provisions of Article 5469, V.A.T.S., were not intended to benefit them as claimants to a lien for materials furnished. Since the affidavit does not show the amount claimed by the Mareks as artisans, that is, the amount claimed for labor, in any manner whereby it can be separated from the amount claimed for materials, the purpose of the statute would be defeated if the holder of such a lien were permitted to share in the fund set up under such statute.

Article 5463, V.A.T.S., provides in part: "But the owner shall in no case be required to pay, nor his property be liable for, any money that he may have paid to the contractor before the fixing of the lien or before he has received written notice of the existence of the debt." Here Jack Roach, Jr. had paid to John Goyen all of the money required to be paid by his contract prior to receiving the written notice from the Mareks, and before either the Mareks or Mitschke filed their affidavits. Article 5468, V.A.T.S., provides in part: "Nothing in this law shall in any manner affect the contract between the owner and

original contractor as to the amount, manner or time of payment of said contract price." There is no contention that the payments made to Goyen were not made pursuant to the terms of the contract. Neither of the plaintiffs secured enforceable liens on the property of the owner, Jack Roach, Jr. The trial court did not err in so holding.

■ We agree with the holding in Miller v. Harmon, Tex.Civ.App., 46 S.W.2d 342, relied on by appellant Marek, to the effect that an artisan (a carpenter) is entitled to enforce his lien against the owner, where it was properly preserved, even though he called himself a subcontractor, if in fact his pleadings and proof show that he personally did carpenter work at a specified wage per day. This is not such a case. The Marek Brothers were clearly subcontractors, furnishing labor and materials for a total price. Since the total contract price had been paid when they gave notice of their claim to the owner, no lien was perfected. Huffman v. McDonald, Tex. Civ.App., 261 S.W. 146; McConnell v. Frost, Tex.Civ.App., 45 S.W.2d 777, error ref.

■ It is admitted that Mitschke failed to substantially comply with the statute so as to fix a lien on the house in that he did not give Roach written notice of his claim and intention to file a lien. It is also undisputed that Mitschke was a subcontractor and that his claim, except for the sum of $382.30, was for materials furnished and labor charges paid by him to his employees. While Mitschke gave oral notice, this is not sufficient. In the early case of Berry v. McAdams, 93 Tex. 431, 55 S.W. 1112, 1114, the court held: "The policy of the law is to relieve the owner from demands upon the ground of actual knowledge and constructive notice, because he could rarely defend himself from such claims. Written notice is certain and definite information upon which the owner must act." This case was cited and relied on by our Supreme Court in First National Bank of Paris v.

Lyon-Gray Lumber Co., 110 Tex. 162, 217 S.W. 133.

■ Appellant Mitschke, however, contends that Roach is estopped by his promise to pay to complain of Mitschke's failure to give such written notice, citing in support of this proposition Ketcham Mortgage Co. v. Walker, Tex.Civ.App., 94 S.W.2d 806, error ref.; Booty v. O'Connor, Tex.Civ. App., 287 S.W. 282, error ref.; Phillips Petroleum Co. v. Vaughan, Tex.Civ.App., 214 S.W.2d 637, error ref., n. r. e., and other cases, all of which have been carefully considered. The cases cited are not controlling. Appellant is relying on the doctrine of equitable estoppel or estoppel in pais:

"To constitute an equitable estoppel or estoppel in pais, there must have existed (1) . a false representation or concealment of material facts, (2) made with knowledge, actual or constructive, of those facts, (3) to a party without knowledge, or the means of knowledge, of those facts, (4) with the intention that it should be acted on, and (5) the party to whom it was made must have relied or acted on it to his prejudice. The basis of estoppel is deception, and in its absence there can be no estoppel in pais." 22 Tex.Jur.2d 688–669, Estoppel, § 8.

Here we have no false representation or concealment of the facts on the part of Roach which induced Mitschke not to give the written notice necessary to perfect his lien. We have a promise to pay the debt of another, which was relied on by Mitschke and caused him not to give the written notice, as he would have done if the promise had not been made. In 22 Tex.Jur.2d at page 671, Estoppel, § 9, we find the statement that, "Ordinarily an estoppel cannot be grounded on a promise to do something in the future. But if the breach of the promise is accompanied by other elements to create equitable estoppel, what is called promissory estoppel may be raised on the

promise, even when it is not supported by consideration."

■ However, this is not a proper application of the doctrine. In order to perfect a statutory lien it was necessary that Mitschke prove that he gave the required notice. If Roach were estopped to deny that Mitschke gave the required notice, still there would be no proof that the notice was given. The failure to give notice is not a defense, but the giving of proper notice is a fact which the claimant must prove before the lien arises by operation of law. Articles 5453, Sec. 3, and 5461, V.A.T.S. Ordinarily the doctrine of estoppel cannot be invoked as an instrumentality of gain or profit, but is invoked only to protect one in a right already acquired. Kuykendall v. Spiller, Tex.Civ. App., 299 S.W. 522, writ ref.

Plaintiff Mitschke alleged a cause of action against Roach on the promise as well as for establishment and foreclosure of his lien, and by proper points complains of the action of the court in failing to render judgment in his behalf against Jack Roach, Jr., on both counts. If he is to recover, Mitschke must rely on the doctrine of promissory estoppel or, as it is sometimes called, justifiable reliance. Pomeroy's Equity Jurisprudence, 5th Ed., Vol 3, § 808b, in treating promissory estoppel, states:

"The general rule stated in a preceding section (§ 808) that in order to furnish the basis of an estoppel, a representation or assurance must relate to some present or past fact or state of things, as distinguished from mere promises or expressions of opinion as to the future, must be qualified. There are numerous cases in which an estoppel has been predicated on promises or assurances as to future conduct. Thus an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise be relied upon and in fact it was relied upon, and a refusal to enforce it would be virtually

to sanction the perpetration of fraud or result in other injustice."

■ There is uncertainty as to the circumstances under which promissory estoppel is recognized in Texas. Note, 11 T.L.R., p. 248; 16 T.L.R., p. 569; 20 T.L.R., p. 478, and particularly as to the requirements necessary to raise an estoppel to urge the statute of frauds. However, before one can be estopped to set up the statute of frauds as a defense the conduct relied upon to create the estoppel must be characterized as fraudulent. In the absence of fraudulent intent, the one relying on the estoppel must have suffered such substantial detriment as a foreseeable consequence of the conduct that to enforce the statute would result in fraud. Morris v. Gaines, 82 Tex. 255, 17 S.W. 538; Johnson v. Smith, 115 Tex. 193, 200, 280 S.W. 158; American Nat. Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161; Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286; Paschall v. Anderson, Tex.Com.App., 127 Tex. 251, 91 S.W.2d 1050, opinion adopted; Gardner v. Platt, Tex.Civ.App., 68 S.W.2d 297, writ ref.; Housley v. Strawn Merchandise Co., Tex.Com.App., 291 S.W. 864; Nutt v. Berry, Tex.Civ.App., 323 S.W.2d 500; Robbins v. Winters, Tex.Civ.App., 203 S.W. 149, no writ hist.

■ There is no finding of fraudulent intent on the part of Jack Roach, Jr., in making the promise to Mitschke. While Mitschke pled that Goyen was insolvent, the statement of facts does not reflect that such proof was offered; and the certificate of the trial court attached to the narrative statement of facts states that, "No other material evidence was introduced upon the trial of said cause." The trial court filed findings of fact to which no exceptions were taken, and there is no finding that Mitschke has suffered, or will in the future suffer, any detriment as a result of the failure of Roach to fulfill his promise. Mitschke has recovered a judgment against Goyen for the full amount of his claim. We cannot assume that this judgment will

not be paid and cannot be collected. Mitschke's plea of estoppel cannot be sustained.

Since the necessary facts to raise an estoppel were not established in the trial court, Mitschke could not have recovered on the promise in the absence of the amended answer setting up the statute of frauds, there being no consideration for the promise alleged or shown by the evidence. It is not necessary, therefore, to consider his assignment that the trial court erred in permitting Roach to file a trial amendment two days after the parties rested setting up the provisions of the statute of frauds as a defense to this action. Even if this had been error, it could not have caused the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.