## GENERAL AIR CONDITIONING COMPANY, Inc., Appellant,

v.

## THIRD WARD CHURCH OF CHRIST et al., Appellees.

### No. 6923.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1967.

Rehearing Denied Oct. 4, 1967.

Schlosser & Whitcomb, Houston, for appellant.

Bobby H. Caldwell, Houston, for appellees.

PARKER, Justice.

General Air Conditioning Company, Inc., as plaintiff below, sued Third Ward Church of Christ and Henry J. Webb for services and materials for which Webb had agreed to pay the plaintiff $6,850.00. Through Au-

gust of 1965 Webb had paid General Air Conditioning Company, Inc. all of such consideration except $1,400.00. The Church had a contract with Webb for improvements on property owned by it. Webb was the general contractor. Plaintiff below was a subcontractor. Plaintiff sued Webb and the Church for the unpaid balance due it of $1,400.00, attorney's fees and costs, seeking to establish and foreclose "its statutory and constitutional lien" on such property owned by the Church, as perfected under the provisions of Articles 5452 to 5469, both inclusive, of the Revised Civil Statutes of the State of Texas. Trial was to the court which entered judgment on December 6, 1966: (a) In favor of General Air Conditioning Company, Inc. against Webb, from which no appeal has been taken, (b) That the plaintiff, General Air Conditioning Company, Inc., failed to establish a statutory mechanic's and materialman's lien against the property of the Church, (c) Declaring that the statutory mechanic's and materialman's lien claimed by plaintiff as recorded in the M & M Lien Records of Harris County was of no force and effect, cancelling and removing it as a cloud upon the property of the Church, and (d) Denied any recovery by General Air Conditioning Company, Inc. against the Church. General Air Conditioning Company, Inc. will be called appellant and the Church will be called appellee.

■ Appellant's first point of error is the trial court erred in rendering judgment that appellant's mechanic's lien was ineffective and of no force and effect. The work contracted by Webb to be performed for the Church was accepted by the Church on November 6, 1965 with full payment made to Webb by November 10, 1965. This included payment for the work and materials by appellant under its contract with Webb. On December 2, 1965 appellant wrote Third Ward Church of Christ that it had not been paid $1,400.00 of the consideration for the work done by it for Webb for the benefit of the Church; that the president of such com-

pany had been ordered to immediately file an M & M lien on the property of the Church. On December 6, 1965 by letter the Church advised appellant that Webb was paid in full through Commercial Title Company. On December 17, 1965 appellant notified appellee: "In compliance with Article 5453 of the Revised Civil Statutes of Texas, General Air Conditioning Company, Inc. is hereby notifying you of an outstanding indebtedness owing to them in the amount of $1,400.00 for materials and labor furnished and delivered to or for the above named project * * *, etc." On December 20, 1965 appellant's lien and affidavit was filed with the county clerk of Harris County, Texas, and recorded in Volume 124, p. 18, of the M & M Lien Records. Appellee did not retain 10% of the contract price for a period of 30 days after the completion of the job as defined in Article 5469. There was no agreement for retainage of 10%.

■ Under the facts, appellant did not have a valid debt or lien in any amount against the property of appellee. Texas & Northern Railway Co. v. Logwood, 401 S. W.2d 886 (Tex.Civ.App.1966, n.w.h.) and authorities cited on p. 890 of such opinion; Marek v. Goyen, 346 S.W.2d 926 (Tex.Civ. App.1961, n.w.h.). Appellant's first point of error is overruled.

■ Appellant's second point of error is that the trial court erred in failing to find and file findings of fact and conclusions of law as requested by appellant. There is a statement of facts in this case. From it, it appears there are no issues in this case other than those that can be seen in the statement of facts. The judgment contains findings of fact and conclusions of law. No prejudice resulted to appellant by the failure of the trial court to make and file its findings of fact and conclusions of law. Mc-Clendon v. McClendon, 289 S.W.2d 640 (Tex.Civ.App.1956); Norris v. Vaughan, Tex.Civ.App., 256 S.W.2d 156. Appellant's second point of error is overruled.

Judgment of the trial court is affirmed.