**ESTATE of Betty Maule BLARDONE,
Deceased, Appellant,**

**v.**

**Mabel McCONNICO et al., Appellees.**

**No. 1584.**

Court of Civil Appeals of Texas,
Corpus Christi.

June 30, 1980.

Rehearing Denied Aug. 29, 1980.

Thomas Garner, Jr., Rhodes, Garner & Roberts, Port Lavaca, for appellant.

Joseph P. Kelly, Guittard & Henderson, Lewis & Kelly, Richard D. Cullen, Victoria, for appellees.

## OPINION

NEFE, Chief Justice.

This is a will construction case arising out of a suit brought by a stakeholder, John P. Blinka. Blinka paid into the registry of the trial court rental payments accrued from his lease of a farm owned by the defendants, heirs of Isabella Blardone. The case was submitted in part to a jury which answered special issues in favor of certain heirs. The other heirs (of Clark Blardone) appeal.

Isabella Blardone died in 1939, survived by two daughters and a son. After making certain special bequests, Isabella divided her estate equally: ⅓ to her daughter, Mabel McConnico, (whom she also made Independent Executrix); ⅓ to her other daughter, Lola Ryan; and ⅓ to Mabel McConnico in trust for her only son, Clark Blardone. The trust in the will had a spendthrift provision with a condition subsequent to entitle the son (Clark Blardone) to his portion of the trust res. Paragraph 3 enumerated the powers, rights, and duties of the trustee:

"(1) For such period of years as my said son shall have any judgment against him unpaid, or is indebted to any person in excess of $100.00, said trustee shall have the power to hold, manage, control, sell, dispose of, convey, encumber, invest, reinvest proceeds, and to partition and distribute any property, or the proceeds or income from any property that shall be in her hands as trustee.

(2) To pay to my said son the annual revenue arising from his interest in the property by this instrument con-

veyed to Mabel Blardone McConnico as his trustee.

(3) As soon as my said son shall pay off any and all judgments against him, and shall pay all debts which he may owe *down to where his debt to any single person does not* exceed the sum of $100.00 in all, the said Mabel McConnico, trustee, shall convey, at my said son's wish, the title in fee simple to all of the property hereby given to Mabel Blardone McConnico, as trustee *to him.*" [1]

The record shows that Clark Blardone had had a drinking problem and that his marriage to Betty Blardone was marked with periods of separation, some lasting for as long as eight years. Mrs. McConnico, the executrix and trustee, testified that the will of her mother, Isabella Blardone, was admitted into probate in 1939. At the time her deposition was taken in 1977, Mrs. McConnico stated that she was still operating the estate of the decedent in her capacities as independent executrix and trustee and that she intended to do so until she died without closing the estate. She stated that she had not caused deeds to be executed conveying either to herself or to her sister (Ryan) their undivided one–third shares in fee to the farm as bequeathed to them under the provisions of the will. After the will was admitted into probate, she assumed the duties of managing the farm in question and each year she divided the profits and paid equal one–third shares to herself; Lola Ryan, her sister; and Clark Blardone, her brother. In support of this testimony, admitted into evidence were the annual fiduciary income tax returns she filed in the name of the estate.

Clark Blardone died in 1966. After his death, Mrs. McConnico (as trustee) continued to pay one–third of the income from the farming operations to his widow, Betty Blardone, until her death in 1972. In 1973, a bank official of First State Bank in Port Lavaca unilaterally closed Mrs. McConnico's "Isabella Blardone Estate" bank account and distributed the proceeds of such account in three equal portions to McConnico, Ryan, and the Estate of Betty Blardone. This dispute then ensued.

Prior to the trial of the case, the other daughter, Lola Ryan, died, and through suggestion of death, her son, Patrick Ryan, and daughter, Kathleen Dechert, became substituted in her place at the time of trial.

The appellees are: the executrix and trustee, Mrs. McConnico; and the two children of the other daughter (Lola Ryan), Patrick Ryan and Kathleen Dechert. The appellants are the heirs of law of Clark Blardone's deceased wife, Betty Blardone. The trial court's judgment is based upon the fact that the conditions subsequent of the trust in the will of the mother, Isabella Blardone, were never satisfied, and as a result thereof, the son's (Clark Blardone's) one–third undivided interest in the estate of the trust did not vest and therefore terminated upon his death. The trial court entered a judgment awarding one–third of the Clark Blardone trust property to Mrs. McConnico (⅑ of the total estate); one–third of the trust property (⅑ of the entire estate) to the other daughter's children, Patrick and Kathleen; and one–third (⅑ of the entire estate) to the heirs of law of Clark Blardone's widow, Betty Blardone. Thus, under the trial court's judgment, Mrs. McConnico would receive ⁴⁄₉ of the total estate; Lola's two children would receive a total of ⁴⁄₉ or ²⁄₉ each; and the final ⅑ would go the heirs at law of Betty Blardone, deceased.

Mrs. McConnico testified that because she; her brother, Clark; and her sister, Lola, were getting older, she had asked her brother on several occasions prior to his death if he wanted to receive a deed to his portion of the property that was then subject to the trust. He stated that he did not want the deed. She stated that her brother had never asked for a deed to his portion of the property. The appellants contend that

---

1. The italicized portions of subparagraph III were handwritten in the will. The phrase "not to" had been crossed out. At trial, none of the parties questioned the effect of such handwritten changes.

the only evidence of any indebtedness of Clark Blardone was the deposition testimony of Mrs. McConnico, wherein she testified that she paid a note for her brother, Clark Blardone, at a bank, and that the note had been paid out the Estate of Isabella Blardone. Mrs. McConnico testified that he (Clark Blardone) was fully aware of the debt he owed to her, and that "he never forgot that", referring to the debt.

After hearing all of the evidence, the jury failed to find: 1) That ". . . Clark Blardone paid all of his debts down to where his debt to any single person did not exceed the sum of $100.00" and 2) that ". . . Clark Blardone ever made known to Mabel Blardone McConnico his wish to have a conveyance of the property [held in trust for his benefit]."

In points of error five and six, appellant complains that the trial court erred by failing to disregard the jury's answers to these special issues because: 1) there is "insufficient evidence" and 2) "no evidence" to support the jury's answer to the first special issue above mentioned. Appellant's point of error seven complains that the trial court erred by entering judgment based upon the jury's answer to the second special issue above mentioned because it is not material and not a controlling issue in this case.

■ Appellant's points preserve only a complaint attacking the legal sufficiency of the evidence to support the first special issue. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L. Rev. 359, 362 (1960). Appellant argues that there is "no evidence" in the record that Clark Blardone was indebted to any person in excess of $100.00. Implicit in appellant's arguments is the assumption that appellees had the burden of proof on this issue. Spendthrift trust provisions which make the solvency of the beneficiary or the payment or discharge of his debts a condition precedent to his receipt of the principal of the trust are generally held to be valid and enforceable–type provisions. See Annot. 138 A.L.R. 1336 (1942); Restatement of Trusts 2d §§ 153, 159 (1959); Bo-

gart, Trusts & Trustees § 222, p. 392 (1979). As such, the burden would be upon the beneficiary to prove that the trust terminated by satisfaction of the condition precedent. Therefore, a "legal sufficiency" point on the jury's failure to find that such condition was satisfied, to be properly stated, should read that the evidence establishes fulfillment of the condition as a matter of law. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L. Rev, 359, 362–64 (1960).

■ We hold that the evidence does not conclusively establish that Clark Blardone was not indebted to any one person in a sum of less than $100.00. Even so, we find some evidence of probative force in the record to support the jury's negative answer to this special issue. Thus, the trial court was not authorized to disregard the jury's answer to this special issue. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.Sup.1965). Appellant's points of error 5 and 6 are overruled.

The appellees contend that the trust in question contained another condition precedent to its termination and to the conveyance to Clark Blardone of the one–third share of the farm subject to the trust. The second condition specified, in substance, that if the first condition relating to debts were met, the Trustee was required to convey the trust property only upon Clark Blardone's "wish." Appellant's point of error seven complains that the jury's finding relating to the satisfaction of this condition is immaterial. This is probably true.

■ As a general rule, if the beneficiary can call for the principal at will, there is in substance, no condition precedent, and the beneficiary is considered at this point to be the sole owner of the corpus. Bogart, Trusts & Trustees, § 222 p. 392 n. 56 (1979); Restatement of Trusts 2d § 153 and comments (1959). The disposition of this point of error is immaterial under the record that is before us.

Appellant also contends that the trial court committed reversible error by failing to submit appellant's requested special is-

sues pertaining to two theories of recovery—estoppel and waiver. Appellant argues, in effect, that these theories were raised by the pleadings and evidence and therefore render immaterial the jury's answers to the two special issues concerning whether Clark Blardone satisfied the conditions of the trust.

Appellant argues that there is evidence that clearly establishes that trustee McConnico and her sister Ryan have conducted themselves in such a manner to induce their brother, Clark, and subsequently his widow and his widow's estate, to believe that a fee title of one—third (⅓) undivided interest of Clark had already vested in him.

■ The basis of estoppel is deception. *Benskin v. Barksdale*, 246 S.W. 360 (Tex. Com.App.–1923, jdgmt. adopted, holding approved); *Marek v. Goyen*, 346 S.W.2d 926 (Tex.Civ.App.–Houston 1961, no writ); *Long v. Long*, 252 S.W.2d 235 (Tex.Civ. App.–Texarkana 1952, writ ref'd n.r.e.). In order to constitute equitable estoppel as estoppel in pais, there must exist: 1) a false representation or concealment of material facts; 2) made with knowledge (actual or constructive) of the facts; 3) to a party without knowledge or the means to obtain knowledge of the real facts; 4) made with the intention such misrepresentation or concealment should be acted upon; and 5) the party to whom it was made must have relied upon or acted upon to his prejudice. *Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex.Sup.1952).

■ None of the requested estoppel issues concerns a concealment or material misrepresentation (or some of the other necessary estoppel elements) which would in turn vitiate the operation of the first condition precedent. Even if we were to agree that the theory of estoppel was a viable one in this case, the evidence and special issues requested failed to encompass all of the elements of estoppel. Most noticeably absent from the evidence was a showing of deception or a showing that Clark Blardone was without knowledge or the means to obtain knowledge of the material facts. During the term of the trust, the trustee had broad discretionary powers and had full control over the trust res and the payments that were to be made to Clark Blardone. At most, the evidence shows an unusually long estate administration by an independent executrix and trustee who wanted to follow the wishes expressed by her mother in the will. There is no complaint that Mrs. McConnico breached her fiduciary duties to her brother Clark Blardone or that she misapplied any of the remainder of the estate's funds.

■ It is settled law that the party who relies on estoppel "has the burden of establishing it, *or all of the facts or elements necessary to constitute it*, or the grounds on which it rests, and *the failure to prove any one or more of the elements* constituting an estoppel" is fatal. *Concord Oil Co. v. Alco Oil & Gas Corp.*, 387 S.W.2d 635, 639 (Tex. Sup.1965) (emphasis in original opinion). The burden is upon the requesting party to tender special issues in substantially correct form. Rule 279, Texas Rules of Civil Procedure.

The trial judge also refused to submit a requested special issue relating to appellant's waiver theory of recovery. Appellant contends that if the evidence enumerated under the estoppel theory does not constitute conduct amounting to estoppel, it most assuredly amounts to a waiver of Appellees' known legal rights. Appellant argues that the evidence in the case supports an inference that Appellees have waived their right to claim that Clark Blardone's interest terminated upon his death and passed by descent and distribution to Isabella Blardone's heirs at law.

■ A common definition of "waiver" is that it is an intentional relinquishment or surrender of a known right or intentional conduct inconsistent with claiming such right. *Massachussetts Bonding & Ins. Co. v. Orkin Exterm. Co.*, 416 S.W.2d 396 (Tex. Sup.1967). Intention is an essential element of the waiver defense. *Houston Fire & Casualty Ins. Co. v. Pritchard & Abbott*, 155 Tex. 120, 283 S.W.2d 728 (1955); *Kennedy v. Bender*, 104 Tex. 149, 135 S.W. 524

(1911). Waiver may be shown by express conduct relinquishing a known right, or by implication. The latter will be applied only to prevent fraud or inequitable consequences. An implied waiver will be established only by a clear, unequivocal and decisive act showing such purpose or an estoppel on his part. See 60 Tex.Jur.2d, Waiver, § 9, pp. 192–93, (1964) and authorities cited therein.

▮ The special issue requested by appellant failed to include the necessary element of intention. The issue would allow the jury to find that intentional conduct by an uninformed person would constitute waiver. The trial judge did not err in refusing the requested special issue.

▮ Appellant's theories of waiver and estoppel, as they have been presented to us, are also defective because they are an attempt to create a right in Clark Blardone or his heirs at law to own fee title to the property that is held in trust, and not to prevent the loss of a right that Clark Blardone or his heirs otherwise had. Both waiver and estoppel presuppose existence of legally enforceable rights which, but for the existence of intervening rights and defenses, would permit recovery. They are defensive in nature and operate to prevent loss of existing rights. They do not create new rights or liability where a right does not otherwise exist. *Jones v. Texas Gulf Sulphur Co.*, 397 S.W.2d 304 (Tex.Civ.App.–Houston 1965, writ ref'd n.r.e.); *Continental Casualty Company v. Bock*, 340 S.W.2d 527 (Tex.Civ.App.–Houston 1960, no writ).

▮ Point of error no. 8 is overruled because there is no showing that the trial court abused its discretion in making an unequal division of court costs. Point of error no.9 is supported by no authorities and contains only general arguments. As such, it fails to meet the minimum briefing rules and is considered to be waived. Rule 418, Texas Rules of Civil Procedure; *Crutcher–Rolfs–Cummings, Inc. v. Ballard*, 540 S.W.2d 380, 389 (Tex.Civ.App.–Corpus Christi 1976, writ ref'd n.r.e.), cert. denied, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095

(1977); *Inman v. Padrezas*, 540 S.W.2d 789, 797 (Tex.Civ.App.–Corpus Christi 1976, no writ).

▮ In point of error 10, appellants contend the trial court erred in awarding the stakeholder his attorney's fees in the amount of $250.00 because such award is not supported by any evidence or stipulations as to the reasonableness of such fee or the work performed by the attorney. Appellees agree there is no evidence in the record to support such award. Appellees argue, however, that this Court should take judicial notice of the various activities necessary to file a suit, of the pleadings filed by the stakeholder, and "while not judicially noting the total value of such services, . . noting that such actions necessitated by those items of record in this cause on behalf of the stakeholder would have a minimum reasonable cost" of $250.00. This we cannot do.

We, therefore, reverse that portion of the judgment awarding stakeholder's attorney's fees and render judgment that stakeholder take nothing in this regard. The judgment in all other respects is affirmed. Rule 434, T.R.C.P. The court costs on appeal will be assessed 75% against the appellants and 25% to appellees.

Reversed and rendered in part and affirmed in part.