**METRO FORD TRUCK SALES, INC., Appellant,**

v.

**William E. DAVIS, Appellee.**

No. 2–85–080–CV.

Court of Appeals of Texas, Fort Worth.

June 18, 1986.

Rehearing Denied July 23, 1986.

Vial, Hamilton, Koch & Knox, Bruce W. Bowman, Jr., Dallas, for appellant.

Boyd & DuBose, Timothy M. Fults, Robert C. Fults, Dallas, for appellee.

Before FENDER, C.J., and HOPKINS and HUGHES (Retired, Sitting by Assignment), JJ.

### OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

In their motion for rehearing, Metro contends that this court erred in failing to address Metro's points of error concerning the factual insufficiency of Davis' proof of damages for a) loss of use of the truck; b) lost profits; and c) loss of credit.

Concerning loss of use, we discussed the sufficiency of Davis' proof at pages eight through nine of the opinion. We stated that a "review of the record demonstrates ample evidence to support the jury's finding with regard to loss of use." We then listed the evidence which supported the finding. At that point we overruled Metro's points of error concerning loss of use.

We similarly disposed of Metro's "no evidence" and "insufficient evidence" points concerning lost profits at pages eleven through seventeen, and concerning loss of credit at pages ten and eleven.

Metro also contends that this court failed to address their fourteenth point of error concerning whether or not they are entitled to a remittitur.

In our opinion we said:

In its fourteenth point, Metro argues that a remittitur should be ordered as to all damages awarded beyond the suggested figure of $120,000. Because [this point is] presented without reference to any authority in rule, statute or precedent, *see Estate of Blardone*, 604 S.W.2d 278, 283 (Tex.Civ.App.—Corpus Christi), writ ref'd n.r.e. *per curiam*, 608 S.W.2d 618 (Tex.1980), [it is] overruled.

Metro contends on motion for rehearing that they did indeed cite rule 440 of the Texas Rules of Civil Procedure and a case, both of which stand for the proposition that the Court of Appeals has authority to grant a remittitur for excessive verdicts. We are aware that we have authority to grant a remittitur. However, we note that Metro did not cite any precedent for the proposi-

tion that a remittitur is called for because the judgment was for an amount "almost twelve times" the transactional amount and because it "bears no relation whatsoever to the damages."

In any case, in order to clarify our opinion, we grant the motion for rehearing and address this point of error. We again overrule Metro's fourteenth point of error for the reason that, because we have found none of the damages awarded by the jury to be excessive, there is no need for a remittitur.

The judgment is affirmed.